CORINTH STATE BANK v. NIXON.*

(Division B.   Nov 22, 1926.)

[110 So. 430.   No. 25976.]

1. GARNISHMENT.   *Garnishee permitting decree pro confesso and
   final judgment to be taken and court to adjourn without objection
   cannot have judgment set aside because he mailed answer to
   clerk of court prior to term at which judgment was rendered.*

   Where a person is garnished in a proceeding of garnishment issued
   on a judgment, and such garnishment is regularly served and
   such garnished person permits a decree *pro confesso* to be taken
   against him at the return term and final judgment thereon, and
   permits the court to adjourn without action on his part, he can-
   not maintain a bill to set aside such judgment against him on the
   ground that he had mailed his answer to the clerk of the court
   some months prior to the term at which the judgment was ren-
   dered against him.   In such case he is guilty of negligence in not
   appearing at the term and seeing that the proper order was en-
   tered.

2. EQUITY.   *Chancery court may not set aside decrees after adjourn-
   ment of term at which they were rendered, except for fraud, ac-
   cident, or mistake.*

   A chancery court is without jurisdiction to set aside its decrees af-
   ter the adjournment of the term of court at which the decrees are
   rendered, unless the facts with reference to such decrees make a
   case within the jurisdiction of fraud, accident, or mistake.

*Corpus Juris-Cyc. References: Equity, 21 C. J., p. 772, n. 7; Garnish-
ment, 28 C. J., p. 340, n. 71.

Appeal from chancery court of Alcorn county.

Hon. Allen Cox, Chancellor.

Suit by O. L. Nixon against the Corinth State Bank to set aside a judgment. From a judgment for plaintiff, defendant appeals. Reversed, and bill dismissed.

*W. C. Sweat,* attorney for appellant.

When this writ of garnishment was regularly served on the appellee, it was his duty to appear at court and make answer to the writ, and he has not performed the duty required of him by law when he writes an answer and mails it to the clerk. In fact it is his duty to see that the answer is filed; and not only see to it that the answer is filed, but to appear in court to substantiate, if necessary, the answer which he has filed. Sections 1937, 1940, 1942, Hemingway's Code (sections 2342, 2345, 2347, Code of 1906).

Section 1956, Hemingway's Code (section 2361, Code of 1906) shows that it was not the intention of the legislature that the garnishee should mail his answer or send it by messenger and thereby absent himself from the court. This section clearly shows that it was intended that the garnishee should personally appear and answer. Otherwise, there would have been no provision for him to have received the mileage and *per diem* of a juror; and if after being personally served he absents himself from court and a judgment is rendered against him, he has no right to complain. He has had his day in court.

When the judgment creditor had the garnishment issued in the regular way, it was up to the garnishee to see that his answer was filed. There is absolutely nothing in the world that the Corinth State Bank did that prevented the garnishee's answer from being filed. The very best that can be said for the appellee in this case is that his failure to have his answer filed and to appear

in court to substantiate the same is due to his own inexcusable neglect, and courts of equity will not intervene to relieve a man from the consequences of his own negligence. 20 C. J., section 534, page 341; *Warren* v. *Copp* (La.), 19 So. 746; *Davis* v. *Presler,* 5 S. & M. 459; *Roots et al.* v. *Cohen et al.,* 12 So. 593.

This court has held that where the defendant had ample time to appear and defend the action and he fails to aver in his bill that he employed an attorney and informed himself of his defense, and had filed no plea and had subpoenaed no witnesses, a judgment would not be vacated. *Cole* v. *Hundley,* 8 S. & M.

If courts of equity are to entertain bills to vacate and set aside judgments under such slim and frivolous allegations as the one set up in this bill, the solemn judgments of the courts of the land are certainly very insecure and are liable to be set aside and vacated any time. There must be an end to litigation.

*T. A. Clark,* for appellee.

On the day the answer was prepared and sworn to, the garnishee, Nixon, mailed the same to the clerk of the chancery court of Alcorn county in an envelope properly addressed and with the required postage on the same. The envelope also had the return in the left-hand corner thereof, and the same was never returned to garnishee. The clerk of the chancery court never filed the answer of appellee.

After the appellee received notice that the bank had obtained a judgment against him, he immediately began to make inquiry about the same and immediately filed a bill in the chancery court to have the decree *pro confesso* and the final decree set aside, the term of court at which the above decrees were taken having adjourned.

There is a distinction between this case and ordinary cases. In the first place there was no relation of debtor

and creditor between appellee and appellant. The writ of garnishment was more in the nature of process for a witness than in an ordinary action where the party served with process was made a defendant. The object of the procedure was to subject an indebtedness or property in the hands of the garnishee to the payment of the judgment against the original defendant in the action. 28 C. J., page 338, section 525 (b).

There is another element besides fraud or bad faith which if true, without the existence of either, clearly entitled the garnishee to have the default judgment set aside and that is if the garnishee has a meritorious defense, unless the garnishee has not been guilty of gross neglect. It cannot be said so far as this record is concerned but that the garnishee had a meritorious defense and he was not guilty of gross neglect. 28 C. J., page 339, section 527.

In *Evans* v. *Mohn*, 55 Iowa 302, 7 N. W. 593, the court held that where a party was engaged in building and moving into a new hotel at the time of service and on the return day of the writ of garnishment, and garnishee forgot to appear and answer, the court held from this showing that garnishee was not guilty of negligence.

In *Yost* v. *Alderson*, 58 Miss. 40, the court says: "Where a *pro confesso* has been taken through the mere neglect of defendant to answer and the consequences of the neglect do not operate injuriously to the complainant except to deprive him of the advantage of the decree, the defendant should not be deprived of making defense." See also *Miller* v. *Port Gibson Brick, etc., Co.*, 78 Miss. 170, 28 So. 107. *Warren* v. *Copp* (La.), 19 So. 746 cited by appellant is not in point. The messenger of the garnishee told the garnishee that he had filed his answer with the clerk when in truth and in fact he had not, and the court held that the messenger was the agent of the garnishee and that the garnishee was therefore bound by his acts. *Roots* v. *Cohen*, 12 So. 593, cited by appellant is good authority for appellee.

On the question as to whether the clerk of the court received the sworn answer of garnishee, See 16 Cyc., page 1071, paragraph G. The decree of the court below should be affirmed.

*W. C. Sweat,* in reply, for appellant.

The test cited by counsel for appellee has reference to motions to set aside and vacate during the term of court at which the judgment was rendered. 28 C. J., section 526, page 338. In the case at bar, it is not a motion made to set aside a default judgment at the term at which it was rendered, but an independent bill in equity, filed long after the term of court at which it was rendered to vacate or set aside a final judgment. *Warlick* v. *Neal Loan Co.,* 120 Ga. 1070, 48 S. E. 402. *Yost v. Alderson,* 58 Miss. 40, cited by appellee, is not an authority in any sense of the word for appellee's position.

No respectable authority can be found in support of the proposition that when a garnishee is served with summons, as he was in this case, and given several months in which to answer the same, having taken legal advice in the matter in the meantime and ascertained what his duty was, and then failed to file any answer or make any appearance at all in court, when there is no fraud to be found or imposition of any kind on the part of the complainant, and allow a judgment by default to be taken against him under these circumstances, and then long after the term of court, file a bill to vacate the judgment, that a court of equity will then set it aside and grant him a trial thereof.

Argued oraly by *W. C. Sweat,* for appellant, and *T. A. Clark,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The Corinth State Bank, appellant, obtained a judgment against W. N. and R. A. Nixon for two thousand nine hundred ninety-nine dollars and fifteen cents on the 24th day of September, 1925. Upon the 24th day of October, 1925, upon the suggestion of the Corinth State Bank, in writing, a writ of garnishment was filed reciting a judgment against W. N. and R. A. Nixon, and suggesting that C. L. Nixon, of Tishomingo county, was indebted to W. N. Nixon, and prayed for a writ of garnishment to issue against the appellee, O. L. Nixon, and complainant in the court below, which writ was issued and served personally upon the appellee, O. L. Nixon. Service was executed on the 26th day of October, 1925. The writ of garnishment directed the said O. L. Nixon to appear at the courthouse in the city of Corinth on the second Monday of November, 1925, then and there to answer on oath in writing, etc.

On the 17th day of March, 1926, during the regular term of the chancery court succeeding said rule day at which the answer was required to be made, a decree *pro confesso* against O. L. Nixon was entered, reciting:

"It appearing that the said O. L. Nixon was duly and legally served with process for the time required by law and in the manner provided by law, and that he has failed to appear and make answer to the said garnishment, and that a decree *pro confesso* should be rendered against him, it is therefore ordered that his indebtedness to W. N. Nixon for the full amount claimed is hereby taken and considered to have been confessed by him."

On this decree *pro confesso,* final judgment was taken on the 17th day of March, 1926, in which it was adjudged that the Corinth State Bank have judgment against the said O. L. Nixon for the sum of two thousand one hundred one dollars and twenty-five cents, with interest from this date at six per cent., it being recited in this judgment that there was a balance due on the judgment

against W. N. Nixon and R. A. Nixon for two thousand one hundred one dollars and twenty-five cents.

After the term of the court adjourned at which these decrees were taken, O. L. Nixon filed an original bill in the chancery court against the Corinth State Bank, reciting the entry of the said decrees and the issuance of the said garnishment writ, and that he made answer to the said writ of garnishment, denying any indebtedness, and mailed the same to W. L. Madden, at Corinth, Miss., with his return card on the envelope, and with sufficient postage to carry the letter, said W. L. Madden being at that time the chancery clerk of Alcorn county, in which the judgment against W. N. and R. A. Nixon was rendered; that at that time the complainant lived at Paden, Tishomingo county, on the Illinois Central Railroad, and that said answer was made on Saturday before the return day of the writ of garnishment.

It is further alleged that the complainant had no knowledge of his answer to said garnishment not having been filed, and that a decree had been entered against him, until the 25th day of March, 1926, on which date he received a letter from the Corinth State Bank notifying him of this fact, and that he then went immediately to W. L. Madden, clerk of the chancery court, to see about the matter, and was then informed by the said Madden that sometimes mail came into his office which he never saw or had any knowledge of.

It is further alleged that at the time of the service of the writ of garnishment upon O. L. Nixon, complainant was not indebted to W. N. Nixon, and did not have under his control or possession any property belonging to him, and did not know of other persons indebted to him. It is further alleged that if this answer had been filed by the clerk in the said cause, there would have been no judgment entered against him. It is further alleged that the said O. L. Nixon has sufficient property to satisfy the said judgment should it be held legal and binding, and

the bank would not lose anything by a delay, and the bill prayed that the decree *pro confesso* and final judgment thereon be set aside by the chancery court, and for general relief.

The bank appeared and answered, and admitted that it obtained the said judgments, the issuance of the writ of garnishment, and that decree *pro confesso* and final judgment were taken. It admitted that the complainant, O. L. Nixon, resided in Paden, in Tishomingo county, on the Illinois Central Railroad line, but was not advised as to whether or not the complainant, on Saturday before the return day of the writ of garnishment, had prepared an answer in which he set up that he was not indebted, etc., or that he mailed said letter to W. L. Madden, but alleged that if the same be material to the defendant that defendant denies such answer was prepared, and denies that it was signed and sworn to and put in an envelope that had his return address on it, and denies that he placed the required amount of postage thereon and deposited same in the post office addressed to W. L. Madden, at Corinth, Miss., admits that W. L. Madden was clerk of the chancery court, but denies that complainant believed that O. L. Nixon, had a right to believe that the answer was received by said W. L. Madden and filed in due time.

Further answering, the bank denied that the complainant had no knowledge and knew nothing of his answer not having been filed, and denies that he did not know that a decree would be entered against him, but alleges that the complainant must have known, under the circumstances, that a decree would be entered against him at the oncoming term of chancery court, which was the third week in March, 1926, admits writing the letter to Nixon alleged in the bill, denies that the chancery clerk advised the complainant that some mail came to his office of which he did not have knowledge, etc., denies that at the time of the service of the writ of garnishment on the

complainant he was indebted to W. N. Nixon, or had any property in his possession, or that he did not know of any other person indebted to the said Nixon, or had any property or effects in his possession or under his control, but avers that the same is immaterial. The answer further denies that the complainant is entitled to any relief.

The complainant testified in support of this bill to making answer, denying the indebtedness and possession of property and knowledge of other persons having such, and that he swore to such answer and mailed it to the said clerk. Complainant testified further that W. N. Nixon had traded the notes to the Corinth State Bank & Trust Company, and that he had notified him to hold the notes and they still held them; that it was in 1924 when he bought the land and gave his notes for the land. He further testified that he did not know that the judgment was rendered until after the court had adjourned and he had received notice from the bank, and that he immediately took steps to have the judgment set aside; that he did not owe W. N. Nixon, but owed the Corinth Bank & Trust Company; that it was twenty-five miles from Paden to Corinth; that a passenger train runs every morning leaving Paden some time at nine-fifteen o'clock, arriving at Corinth at ten something; that he was in fair health, able to attend to business; that he went to Corinth one or twice a month; and that he never went to the courthouse to inquire about the matter, thinking that it was quashed.

J. L. Holly, of the Corinth Bank & Trust Company, testified: That some time in the fall of 1924, Mr. Nixon indorsed some notes and put them up as collateral security against an obligation he owed the bank. That the other security which the Corinth Bank & Trust Company had to secure the debt of W. N. Nixon would not pay this debt, but that it would take all the securities the bank had to pay it. These notes of O. L. Nixon, dated Sep-

tember 20, 1924, one due in January 1, 1925, one January 1, 1926, one January 1, 1927, are all signed by O. L. Nixon. That the land which secured the payment of these O. L. Nixon notes was worth from one thousand to one thousand five hundred dollars.

P. C. Green, a justice of the peace, living at Paden, Miss., testified that he prepared an answer—could not remember exactly when but in October or September; that said answer was prepared on Saturday before the return day of the garnishment following Monday; that the answer was acknowledged before L. R. Moody, mayor of Paden; that he addressed an envelope for Mr. Nixon to W. L. Madden, chancery clerk of Alcorn county, Miss.; that the envelope had the return address of the sender on it; that he turned this letter over to O. L. Nixon, and he went in the direction of the post office, but that he did not see him mail it. Mr. Moody, the mayor of Paden, said that he took the acknowledgment to the answer, but did not read the answer; this occurred on a Saturday evening.

The court below set aside the decree *pro confesso,* and final judgment from which this appeal is prosecuted. We are of the opinion that the court erred in setting it aside. The power of the court to set aside a decree *pro confesso* and a final judgment thereon ends with the term of the court at which it is rendered, and the court loses control over it unless the facts in reference thereto make a case coming within the chancery court jurisdiction to set aside a judgment on a ground of fraud, accident, or mistake. In order to maintain an original bill for this purpose on the ground of mistake, the mistake must be a mutual mistake, and the complainant must not be negligent with reference to his default. The bill here does not come within the provisions of law upon this subject. The complainant, when he was garnished, was under duty to see that his answer was filed, and to see that the proper decree was entered discharging him; and if he per-

mitted a decree to be taken against him without complying with these requirements, he is negligent.

The judgment of the court will be reversed and the bill dismissed.

*Reversed, and bill dismissed.*