McCollum *et al. v.* Dillard *et al.*

(Division A. October 19, 1931.)

[137 So. 104. No. 29402.]

S. H. Long & C. P. & S. H. Long, all of Tupelo, for appellants.

Paine & Paine, of Aberdeen, for appellees.

Cook, J., delivered the opinion of the court.

The appellants I. H. and Byers McCollum, instituted a suit in the nature of an attachment in chancery against M. C. Dillard and Johnnie Dillard as partners, seeking

to recover the purchase price of certain personal property alleged to have been sold to M. C. Dillard. Upon the sustaining of demurrers to this original bill, a decree was entered allowing the complainants thirty days to amend their bill, and providing that, "in the event no amendment is filed within thirty days, then the bill shall stand as dismissed with prejudice." No amendment or amended bill was filed within the thirty days allowed for that purpose, but thereafter two amended bills were filed, both of which, upon motion, were stricken from the files; and thereupon an appeal was prosecuted to this court. In an opinion reported in 152 Miss. 260, 119 So. 180, it was held that, upon the failure of the complainants to amend the bill of complaint within thirty days, the decree originally entered in the court below became final, and that the amended bills thereafter filed were properly stricken.

Thereafter the appellants filed a bill in the nature of a bill of review, which, as finally amended, set forth the averments of the original bill and the proceedings thereon, and averred, in substance, that the aforesaid decree providing for a dismissal with prejudice, upon the failure of the appellants to amend their bill within thirty days, was signed and entered through a mistake of the court and appellants counsel as to the provisions and contents thereof, and that said decree "did not express the opinion of the court, nor did it decree what the court directed should be contained in same, and said decree is entirely a mistake on the part of all the parties."

Upon the hearing of this bill of complaint, Chancellor Allen Cox, who granted the original decree complained of, testified that he did not sign it under any misapprehension or mistake as to its provisions and contents; that the decree was prepared by counsel for the defendants, and in the presence of the court was handed to counsel for the complainants; that counsel for the complainants retained the decree for several minutes, and

then handed it to the chancellor, saying, "It is all right;" that he (the chancellor) then read it and signed it, being at the time fully advised as to its contents. Counsel for the defendants testified that the provision complained of was purposely inserted in the decree in order to secure a dismissal of the bill, and the release of the money thereby impounded without bond, before the next term of court, in the event an amended bill was not promptly filed. Counsel for the appellants testified that he did not read the decree, but acted upon the supposition that it contained a simple provision allowing thirty days to amend, and that strict adherence to this provision would not be required or enforced by the appellees and their counsel. Upon this testimony the chancellor decreed that the appellants were "not entitled to any relief under said bill as amended," and dismissed the bill; and from that decree this appeal was prosecuted.

The jurisdiction of equity to correct or set aside a decree on the ground of fraud, accident, or mistake in the entry thereof is well established. Webster v. Skipworth, 26 Miss. 341; Germain v. Harwell, 108 Miss. 396, 66 So. 396; Brown v. Wesson, 114 Miss. 216, 74 So. 831; Corinth State Bank v. Nixon, 144 Miss. 674, 110 So. 430. But, to entitle one to maintain a bill of review to correct or set aside a decree on the ground of mistake, the mistake must be mutual, and unmixed with negligence on the part of himself or his agents. 54 C. J. 754; Thomas v. Phillips, 4 Smedes & M. 358; Webster v. Skipworth, 26 Miss. 341; Corinth State Bank v. Nixon, 144 Miss. 674, 110 So. 430.

Applying this doctrine to the facts shown in this record, the appellants have not made a case which entitled them to any relief. There is no evidence of fraud in the preparation and entry of the decree complained of, and the proof establishes the fact that the chancellor was fully advised as to the contents of the decree before it was signed and entered, and that there was no mistake on the part of the court and counsel for the appellees. It

is further shown that counsel for the appellees prepared the decree and handed it to counsel for the appellants for his approval, as it was proper, to do; that counsel for the appellants retained the decree for a sufficient length of time to have read it, and then handed it to the court with the statement that it was all right. Counsel for the appellants had ample opportunity to read the decree and familiarize himself with the contents thereof, and, if he failed to do so, it was due to no fault of the court or counsel for the appellees.

The decree of the court below will therefore be affirmed.

Affirmed.