CAMPBELL *v.* YAZOO & M. V. R. Co.

(In Banc. Jan. 28, 1946. Suggestion of Error Overruled Feb. 25, 1946.)

[24 So. (2d) 531. No. 36015.]

Frank E. Everett, of Indianola, for appellant.

· **Elbert Johnson** and **Arthur B. Clark**, both of Indianola, **Lucius E. Burch, Jr.**, of Memphis, Tenn., and **Vernon W. Foster** and **Chas. A. Helsell**, both of Chicago, Ill., for · appellee.

Sydney Smith, C. J., delivered the opinion of the court.

A judgment for $490.26 was rendered by a Circuit Court in favor of the J. R. Watkins Company against G. Edgar Watson and B. H. Campbell. Campbell paid the judgment, and claiming that he was sued as a surety for Watson, and therefore under Sec. 257, Code of 1942, he became an assignee thereof, and entitled to all the rights of the judgment creditor thereon, he sued out a writ of garnishment thereon against the Yazoo & Mississippi Valley Railroad Company, but though duly served therewith it filed no answer thereto, resulting in a judgment by default against it for the amount of the Watkins judgment. A writ of execution against the appellee was issued on this judgment, and placed in the hands of the sheriff whereupon the appellee sued out an injunction against the sheriff and Campbell, restraining the execution of the writ.

The bill of complaint on which this injunction was issued alleged, in substance, what has hereinbefore been said, and in addition thereto:

1. That on account of the illness of its local attorney, its answer to the writ of garnishment, denying any in-

debtedness to the defendant named in the writ, was mailed to its station agent at Sunflower, to be filed by him in the court to which the writ of garnishment was returnable; "but who, through accident and mistake, did not file the same in the said . . . court . . . , but filed it in his office believing, by accident and mistake, that the said answer in garnishment mailed to him was for the files in his office," and that it did not learn of this mistake of its agent until the issuance of this execution, and

2. That the judgment against it is void for the reason that in the suggestion for the writ of garnishment, and in the writ issued thereon, and also in the judgment rendered against the garnishee for its failure to answer the writ, the name of the defendant in the judgment on which the writ was issued was stated as J. Edgar Watson, and not G. Edgar Watson, as it appeared in the original judgment.

A demurrer was filed to this bill of complaint, and also a motion to dissolve the injunction, both of which were overruled, from whch Campbell was granted an appeal to settle the principles of the case.

The appellant rests his claim that the court below erred in overruling his demurrer on two grounds:

1. That the appellee was not entitled to any consideration because of the failure of its agent to file its answer to the writ of garnishment. And

2. That the variance between the name of the defendaant in the judgment on which the garnishment was issued, and that stated in the suggestion for, and the writ of, garnishment, and in the judgment rendered thereon, did not render that judgment void, but was a mere error which, under Sec. 1347, Code 1942, was released by the suing out of this injunction.

The first of these contentions is ruled in the appellant's favor by Corinth State Bank v. Nixon, 144 Miss. 674, 110 So. 430, and requires no further discussion.

Coming then to the second of these contentions, we must hold that the judgment against this garnishee is

void, and therefore not within the orbit of Sec. 1347, Code 1942. Hirsch Bros. & Co. v. R. E. Kennington Co., 155 Miss. 242, 124 So. 344, 88 A. L. R. 1.

A garnishment on this Watkins judgment is authorized by Sec. 2783, Code 1942, only against a person who, "is indebted to the *defendant* therein, or has effects or property of the *defendant* in his, her or its possession," etc. (Italics supplied). The suggestion for the issuance of this writ of garnishment required the garnishee to answer as to his indebtedness, etc., not to the defendant, G. Edgar Watson, named in the judgment on which it was issued, but to another; and the judgment thereon charges the garnishee with the payment to the judgment creditor not of the debt (the amount of the Watkins judgment) presumed under Sec. 2798, Code 1942, Little v. Nelson, 61 Miss. 672, to be due by it to the defendant named in the Watkins judgment, but with its claimed debt to a person which the suggestion for the writ, the writ itself, and the judgment rendered thereon, disclose not to be connected with that judgment; something which Sec. 2783, Code 1942, which must be strictly followed, does not permit.

It may be said, as to which we express no opinion, that this error in the name of the defendant in the Watkins judgment in the suggestion for the garnishment thereon could have been amended before the judgment against the garnishee was rendered; but unfortunately this was not done, resulting in perpetuating that error and rendering the judgment against the garnishee void.

One other question arises under the motion to dissolve the injunction. The fiat for the injunction was issued by the judge of the court in which the Watkins judgment was rendered, and who presided at the trial of the Watkins case; for which reason counsel for the appellants say he was disqualified from issuing this fiat.

This contention is so obviously without merit as not to require an extended response thereto.

Affirmed and remanded.