KENT P. LEEDS, Plaintiff, *v.* GUARANTY TRUST COMPANY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, December 28, 1948.

*Henry I. Fillman* for plaintiff.

*Harold W. Bissell* for Guaranty Trust Company of New York, defendant.

*Thomas L. McGannon* for Karl A. Katzenstein, defendant.

BENVENGA, J. Motion by plaintiff for an order restraining defendant trust company, pending a final determination of this action, from transferring to defendant Katzenstein the dollar deposit account or securities account maintained with the trust company in Katzenstein's name. In effect, the action, instituted in 1945, is to determine the rights of adverse claimants to the accounts. It rests upon the plaintiff's allegation that Katzenstein orally assigned the accounts to him in 1940. Katzenstein categorically denies making the assignment.

Subdivision 5 of section 134 of the Banking Law, under which the application is made, provides in substance that notice to a bank of an adverse claim to a cash or securities deposit shall be ineffectual, unless the adverse claimant shall " either procure a restraining order, injunction or other appropriate process against said bank * * * from a court of competent jurisdiction * * * in a cause therein instituted by him * * * or shall execute to said bank * * * in form and with sureties acceptable to it a bond, indemnifying said bank * * * from any and all liability * * * for and on account of the payment of or delivery pursuant to such adverse claim " (cf. Banking Law, § 239, subd. 5).

Plaintiff, as adverse claimant, has not executed the statutory indemnity bond. Nevertheless, he contends that the restraining order or injunction prescribed by statute is not conditioned upon the execution of any such bond, and asserts, in effect, that the provision of the statute is mandatory, and that he is entitled to the restraining order or injunction as a matter of course. I do not so construe the statute.

That the purpose of the statute is to protect the bank against adverse claims to a deposit is clear (see *Gendler* v. *Sibley State Bank,* 62 F. Supp. 805, 810–811). The bank, of course, is protected, in the event of action against it by the depositor, if the statutory bond is given. So, also, if a restraining order or injunction is issued. Conceivably, the restraining order or injunction, without more, may work irreparable injury. For that reason, it would seem that the depositor is also entitled to protection, and that a restraining order or injunction should not be issued as a matter of course, but in the exercise of discretion. Certainly, an injunction should not be issued where, as in the instant case, the third party claim is based entirely upon the mere statement of the claimant that the deposit was orally assigned to him and the depositor categorically denies making any such assignment.

In my opinion the provision of the statute should be read in connection with section 893 of the Civil Practice Act, which provides for security to be given by a party applying for an injunction where special provision therefor is not made by law. Any other construction of the statute would be contrary to what appears to be the plain intention of the Legislature to protect both the bank and the depositor. It would certainly be contrary to the general policy of the law, which is to require a bond or undertaking in order to protect the party enjoined or to preserve the *status quo,* as a condition for granting a

temporary injunction or restraining order (see Civ. Prac. Act, §§ 884–890; see, also, Civ. Prac. Act, § 876-a, subd. 3). No reason is suggested why there should be a departure from this policy.

The motion is denied, unless security is given as provided in section 893 of the Civil Practice Act. Settle order.