THE SOLICITOR FOR THE AFFAIRS OF HIS MAJESTY'S TREASURY, Plaintiff, *v.* BANKERS TRUST COMPANY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, December 22, 1949.

*Chester Bordeau, James Bruce* and *Haliburton Fales* for defendant.

*Howard T. Milman* and *H. Bartow Farr, Jr.*, for plaintiff.

BENVENGA, J. This is a motion pursuant to section 51-a of the Civil Practice Act for an order permitting the defendant to give notice of the pendency of this action to Margaret Louisa Maitland-Tennent, an adverse claimant. The action is brought under the provisions of the English Exchange Control Act of 1947 (10 & 11 Geo. 6, ch. 14) to recover the credit balance in Mrs. Maitland-Tennent's account with the defendant bank.

Section 51-a provides that, under circumstances such as are here presented, the court " must " grant the order (subd. 2), and " must ", as a condition thereof, impose upon the defend-

ant such terms as justice may require as to the furnishing of an undertaking in an amount to be fixed by the court, or in lieu thereof the payment into court of such a sum (see subd. 3). However, section 134 of the Banking Law also provides that notice to a bank of an adverse claim to a deposit shall not be effectual to cause the bank to recognize the adverse claimant, unless such claimant shall execute a bond, in form and sureties acceptable to the bank, indemnifying it from any and all liability, etc., for and on account of the payment of the deposit pursuant to such adverse claim (see Banking Law, § 134, subd. 5).

That Mrs. Maitland-Tennent is·an adverse claimant within the meaning of section 51-a of the Civil Practice Act (see subd. 5) and that the plaintiff is an adverse claimant within the purview of section 134 of the Banking Law is quite clear. It is equally clear that the defendant is but a stakeholder, and that the purpose of the law is to protect the defendant against the hazard of double liability. (See *Koninklijke Lederfabriek* v. *Chase Nat. Bank*, 177 Misc. 186, 190, affd. 263 App. Div. 815; *Amstelbank* v. *Guaranty Trust Co.*, 177 Misc. 548, and *Leeds* v. *Guaranty Trust Co.*, 193 Misc. 681, 682.)

Here, the depositor has in fact received notice of the adverse claim. That fact cannot be disputed. Hence, nothing can be accomplished by the giving of further notice, except a stay of further proceedings in the action for the period not to exceed one year from the date of the notice (see Civ. Prac. Act, § 51-a, subd. 3), and thus delay the vesting of the credit balance on deposit with the defendant bank. So, nothing but delay can be accomplished if the defendant were required either to furnish an undertaking or pay the moneys into court. Under the circumstances, it would seem that a surety bond, such as will adequately protect the defendant, should suffice. This, the plaintiff has offered to furnish. However, if the defendant prefers to furnish an undertaking, it may do so. Settle order.