STALEY, et al., A PARTNERSHIP, d.b.a. REYNOLDS & COMPANY
*v.* HENRY N. BROWN,
AND DEPOSIT GUARANTY BANK AND TRUST COMPANY

No. 42463          November 26, 1962          146 So. 2d 739

*Watkins & Eager,* Jackson, for appellants.

*Henley, Jones & Henley,* Jackson, for appellee.

ETHRIDGE, J.

This suit is an effort by a judgment creditor, Thomas F. Staley and others, a partnership, doing business as Reynolds and Company, appellants (called Reynolds), to hold a garnishee-bank, Deposit Guaranty Bank and Trust Company of Jackson, Mississippi, appellee (called Bank), liable for the amount of a judgment Reynolds has against Henry N. Brown, judgment debtor (appellee). One issue is whether the garnishor was confined to the account identified in the writ of garnishment, and we hold it was. A second issue is whether the uniform statute relating to notice to a bank of an adverse claim to a deposit applies to a judgment creditor seeking to garnishee funds of the judgment debtor in a third person's account. Miss. Code 1942, Rec., Sec. 5207. We think it does. Since appellants made no effort to comply with its requirements, the judgment of the circuit court, dismissing the writ of garnishment, is affirmed for both reasons.

Reynolds obtained a judgment against Henry N. Brown in the amount of $8,203.50. On September 28, 1961, Reynolds filed a suggestion for a writ of garnishment on the Bank, and a writ was issued and served on the same date. The writ and the suggestion for it were directed against "Henry N. Brown", the defendant and judgment debtor. On October 31 the Bank filed its answer to the writ of garnishment, stating that it had no effects of defendant in its hands and knew of no other person or persons who were indebted to him, and there was "no account in name of defendant."

On November 10 Reynolds filed a contest to the answer of the Bank, asserting there was a joint account in the name of "Mr. and Mrs. Henry N. Brown", being Account No. 33-081-10. The writ of garnishment made no reference whatever to an account in the name of Mrs. Henry N. or H. N. Brown. In response to the contest, the Bank stated that there was an account maintained in the name of "Mrs. H. N. Brown", No. 33-081-10, but that there was none styled "Mr. or Mrs. Henry N. Brown." It stated that "H. N. Brown", being the same person as Henry N. Brown, was an authorized signature on the account of Mrs. H. N. Brown.

Mrs. Brown's account had many fluctuations, being as low as $646.51 and as high as $11,269.68, during the period of September 12 through November 7, 1961. There were approximately sixty-eight withdrawals from September 28 to November 7, 1961. Fifty-eight of these checks were written by H. N. Brown, ten by Mrs. Brown. In view of these and other related facts, not necessary to be recited here, Reynolds contends that the method of control over this account by Henry N. Brown resulted in actual knowledge by the Bank of the true and equitable ownership of the fund, they were owned by Henry N. Brown, or at least this was a question of fact for the jury.

In February 1962 the Bank filed a motion to dismiss the garnishment, with the circuit court sustained. It held the original garnishment was concerned only with funds standing in the name of Henry N. Brown. Under Miss. Code 1942, Rec., Sec. 5207, no notice of any kind was directed to the Bank or Mrs. Brown that this was a proceeding to garnishee funds standing in her name only. If the Bank had volunteered information as to the funds of Mrs. Brown, it could have been in violation of Code Sec. 5279, making it a misdemeanor, and could have been subjected further to civil suit by her for damages. The Bank was not required to look beyond the

specific allegations of the garnishment, and plaintiffs had the duty to specifically identify that which they were seeking to attach.

■ ■ *First.* The Bank was controlled primarily by the writ of garnishment and the description of the person sought to be held as a debtor which was given in the writ. That description was of "Henry N. Brown." The writ made no reference to any account allegedly owned by Henry N. Brown in the name of Mrs. H. N. Brown. The answer of the Bank correctly stated that it had no funds in the name of Henry N. Brown, the judgment debtor. The Bank was not required to make detailed inquiry as to the status of the account of Mrs. H. N. Brown, and whether part or all of her funds belonged to Henry N. Brown. To hold otherwise would require a bank to perform duties which should be performed by the attaching creditor. He is supposed to know his debtor. Exactness in regard to the name of an account is essential in a garnishment upon a bank. The business of banking is intricate and complicated. The creditor has the burden of ascertaining the name of his debtor. There was no duty upon the Bank to make an independent investigation on behalf of the attaching creditor. We are not concerned here with a situation where the Bank actually knows that the account in the name of a third person in fact belongs to the judgment debtor.

R. & M. Tire Service Co., Inc. v. Deposit Guaranty Bank and Trust Co., 172 Miss. 436, 160 So. 274 (1935), is in point, and applied these principles to similar facts. The writ of garnishment upon the Bank referred to the debtor as "J. S. Williams." The bank's answer replied there was no account in his name. Later, it developed the bank had an account in the name of S. J. Williams, and the creditor had erred in the transposition of Williams' initials. However, the writ controlled, the creditor had a duty to adequately identify the judgment debtor

in the writ, and dismissal of the garnishment was affirmed. See also Campbell v. Yazoo and M. V. R. R. Co., 199 Miss. 309, 24 So. 2d 531 (1946).

██ ██ In the absence of notice to the contrary, ownership of a deposit is presumed to be in the depositor, and the bank is bound to pay him on proper demand. 9 C. J. S., Banks and Banking, Sec. 333. *R. & M. Tire Service* adopted the rule that a garnishing creditor must identify accurately the judgment debtor; and in the absence of actual notice, the bank has no obligation to make an investigation of whether the judgment debtor has money in the accounts and names of other persons. Moreover, it is a misdemeanor for a bank to disclose the name of a depositor or the amount of his account, except when required to be done in a legal proceeding. Code Sec. 5279. And for violation of this duty a bank may be subject to civil liability for damages.

There is no evidence of fraud or bad faith by the Bank. At the time of service of the writ, and its answer, the Bank's responsibility was met by a truthful reply that it had no account in the name of the judgment debtor. The writ contained no notice that it was seeking to attach funds standing in the name of Mrs. H. N. Brown, which might belong to Henry N. Brown.

██ ██ *Second.* Reynolds was an adverse claimant, and failed to comply with Code Sec. 5207 requiring a restraining order, other appropriate process, or an indemnity bond. This uniform statute governing adverse claims to bank deposits has been passed by a majority of states. As enacted in Mississippi in 1934, it does not exempt fiduciary accounts, as the uniform act does. Miss. Laws 1934, Ch. 146. Sec. 5207 provides:

"Notice to any bank doing business in this State of an adverse claim to a deposit standing on its books to the credit of any person shall not be effectual to cause the bank to recognize such adverse claimant unless such adverse claimant shall also either procure a restraining

order, injunction or other appropriate process against the bank from a court of competent jurisdiction in a cause therein instituted by him wherein the person to whose credit the deposit stands is made a party and served with summons, or shall execute to the bank, in form, and with sureties, acceptable to it a bond, indemnifying it from any and all liability, loss, damage, costs, and expenses for and on account of the payment of such adverse claim or the dishonor of the check or other order of the person to whose credit the deposit stands on the books of the bank.''

One purpose was to modify the common-law rule, under which a bank must hold a deposit a ''reasonable'' time, after it has been notified of an adverse claim, in order to give the adverse claimant an opportunity to take legal steps to assert his rights. The definition of a reasonable time was indefinite and unsatisfactory. Moreover, if the adverse claim proved not to be well-founded, the bank incurred a risk of liability to its depositor for refusing to pay his check on demand. 2 Paton, Digest of Legal Opinions (Am. Banker's Ass'n, 1942), pp. 1656-1659; 9 C. J. S., Banks and Banking, Sec. 285; 7 Am. Jur., Banks, Sec. 413; see Anno., Construction, Application, and Effect of Statutes Relating to Notice to Banks of Adverse Claim to Deposit, 62 A. L. R. 2d 1116 (1958).

Appellants assert that they did not need to comply with Sec. 5207, on the premise that a judgment creditor seeking to garnishee funds of the judgment debtor in a bank account of a third person is not an ''adverse claimant.'' We do not agree. Certainly appellants are claimants, and their claim is adverse. The weight of authority discussed in the above citations supports that conclusion. Phil Grossmayer Co. v. Campbell, 214 Ore. 265, 328 P. 2d 320 (1958); Solicitor for the Affairs of His Majesty's Treasury v. Bankers' Trust Co., 197 Misc. 381, 94 N. Y. S. 2d 658 (1949); Gendler v. Sibley

State Bank, 62 F. Supp. 805 (D. C. Iowa, 1945). Baden Bank of St. Louis v. Trapp, 180 S. W. 2d 755 (St. Louis Ct. App., 1944), put an over-restrictive interpretation upon the phrase "adverse claimant." Moreover, it settled principally a question of equity procedure by interpleader, and involved the Missouri statute which excluded fiduciary accounts.

In sum, a judgment creditor seeking to garnishee funds of a judgment debtor in the bank account of a third person is governed by the adverse claimant statute. Notice to the Bank of Reynold's adverse claim to such account was not effectual to require the Bank to recognize that claimant, unless he also obtained a restraining order, other appropriate process, or made an indemnity bond. Reynolds made no effort to comply with the statute, even if we assume that otherwise the bank had adequate notice.

Affirmed.

*McGehee, C. J.,* and *Gillespie, McElroy* and *Rodgers, JJ.,* concur.