Abraham N. Geller, J.
Respondent’s motion for reconsideration based on the claimed applicability of subdivision 5 of section 134 of the Banking Law is denied.
That section provides that notice to a bank of an adverse claim to an account standing on its books in the name of another person is not effectual to cause the bank to recognize it unless the adverse claimant either procures “ a restraining order, injunction or other appropriate process against said bank” in an action to which the depositor is made a party or posts a bond to indemnify the bank. The obvious purpose of the section is to protect banks against the hazard of double liability in the case of adverse claimants (Leeds v. Guaranty Trust Co., 193 Misc. 681, 682).
This proceeding involves a restraining notice authorized by CPLR 5222. This is not a case of an “ adverse claim,” nor is there any possibility of double liability on the part of the bank. No claim is being presented to the bank, nor is payment requested, but merely that transfer is forbidden except pursuant to an order of the court.
The restraining notice is not a mere notice but a form of process issued out of court intended to have the effect of an injunction. CPLR 5222 significantly provides that it may be issued only by the -Clerk of the court or the attorney for the judgment creditor ‘ ‘ as officer of the court. ’ ’
The restraining notice here served was in conformity with the specification provision newly provided for in CPLR 5222, effective September 1, 1963. The longstanding provision in the Banking Law regarding adverse claims was quite evidently not deemed applicable by the Legislature to a restraining *747 notice served upon a bank specifying an account held in the name of someone other than the judgment debtor, since it made specific provision covering such a situation in CPLR 5222. This view is confirmed by the legislative action and veto in 1965, referred to in the prior opinion.
Order encompassing petition, answer, supporting and opposing papers, motion and cross motion for reargument and motion for reconsideration, and decisions of court on original papers, reargument and reconsideration, herewith signed.