Louis B. Heller, J.
In two separate applications initiated by orders to show cause, plaintiff wife in this action moves for restraining orders pendente lite against her husband and various banks as defendants to enjoin withdrawal or permitting withdrawal from accounts in said banks. The action was commenced by service of a summons and complaint on all parties. The summons is indorsed: “Plaintiff’s action against defendant, John Aqualina, (also known as John Aqualina, Sr.) is for a divorce on the grounds of cruel and inhuman treatment and; abandonment. Plaintiff seeks alimony, exclusive possession of marital residence and counsel fees.” The accompanying complaint contains no cause of action or other allegation with respect to this asserted action for divorce. The recitals in the complaint refer only to plaintiff’s prayer that a trust be impressed in her favor on the bank accounts; that an accounting be had as to management by defendant of two parcels of real property owned by the parties by the entirety, and for other incidental relief involving only property and financial differences between husband and wife.
Defendant, with some justice, complains about this bizarre marriage of a summons for matrimonial relief with a complaint for financial relief. He also objects, under section 211 of the Domestic Relations Law, which forbids service of a complaint in an action for divorce until expiration of 120 days from service of the summons or completion of conciliation proceedings, whichever comes sooner. There is merit in this argument, too. Plaintiff’s counsel attempts justification of this unorthodox approach by explaining that there was some urgency in pressing plaintiff’s claims to the bank accounts. Plaintiff believes that her husband was about to withdraw all of the proceeds of these accounts and depart from this jurisdiction. Under the circumstances, counsel says, preliminary application for restraining orders was necessary and it is his view that such restraining orders were possible only if a complaint had been served and was *359 before the court. In order to avoid the strictures imposed on a plaintiff by section 211, he has served a complaint which carefully omits all reference to divorce or other matrimonial relief. The resulting hybrid product is worthy of preservation among the anomalies of pleading but it cannot stand in this action. It is sufficiently disconcerting to be confronted with a summons advertizing one cause of action and a complaint which takes off tangentially with entirely different causes. Further, I consider the ban under section 211 is absolute. In my opinion it forbids service of any complaint with a summons in an action for divorce. Accordingly, the complaint must be dismissed (Beanland v. Beanland, 54 Misc 2d 1010).
However, I do not consider the presence of a complaint vital to plaintiff’s application for restraining orders here. Contrary to counsel’s view, in my opinion, no pleading is required here to justify a preliminary injunction in the circumstances disclosed. That would be true if the application were based on the nature of the action — an action for injunction, for example. However, in this situation the intention governing the application is only to preserve “ the subject of the action ” (CPLR 6301). “ Where the motion is based on facts extrinsic to the cause of action, the complaint need not be submitted in support of such motion, and in fact, need not even have been drafted ”. (12 Carmody-Wait 2d, New York Practice, § 78:62; see, also, 28 N. Y. Juris. Injunctions, § 15; 7 Weinstein-Korn-Miller N. Y. Civ. Prac., pars. 6312.05, 6301.12.) Accordingly, I do not view the lack of a complaint here as crucial. The complaint which is attached to and made part of an affidavit by plaintiff and submitted with the moving papers will, however, be read and considered in support of the motion.
Plaintiff bases her application on subdivision 5 of section 134 of the Banking Law which provides in substance that notice to any bank or trust company if an adverse claim shall be ineffectual unless the adverse claimant ‘ ‘ shall * * * either procure a restraining order ’ ’ in an action in which the nominal depositor is made a party or posts a bond as therein provided. At least two of the defendant banks here have advised counsel for plaintiff that they would not recognize plaintiff as an adverse claimant unless she obtains a restraining order or otherwise complies with subdivision 5 of section 134. Plaintiff alleges that these bank accounts represent in large part income from two parcels of real property owned by herself and her husband by the entirety plus some portion of the independent income of the husband and that these accounts were in his sole name at his request and for his convenience; that as a further consideration it was agreed *360 between them that the wife would use her own earnings for the care and maintenance of these parcels as well as the upkeep of the matrimonial domicile. Plaintiff asks that a trust be impressed upon one half of these bank accounts in her favor and urges therefore that a temporary restraining order is necessary at this point to protect these accounts from depletion by her husband. The total amount on deposit in these accounts is alleged by plaintiff to be approximately $31,700.
Plaintiff’s motion is granted to the extent that during pend-ency of this action or until further order of this court, defendant husband is enjoined from withdrawing and each of the defendant banks is enjoined from paying out to defendant husband more than one half of the amount now on deposit in each of these accounts. The foregoing disposition is conditioned upon plaintiff’s filing an undertaking in an amount to be fixed upon the settlement of the order herein (see Leeds v. Guaranty Trust Co., 193 Misc. 681).
I am informed that conciliation proceedings are now pending. It appears to me that in the circumstances here shown an expeditious disposition of the issues would be desirable. When and if the Conciliation Commissioner shall certify to the court that there is no further necessity for such procedure and the pleadings shall have been served, either party may apply to this court for an early trial of this matter.