Harold J. McLaughlin, J.
In this action to allegedly impress a trust, orally made, defendant husband, Samuel Shafran, moves for an order directing the defendant banks to release the funds on deposit which are credited to him.
Plaintiff wife, in addition to initiating the instant action, has also commenced an action for separation.
Plaintiff contends that the funds were previously deposited in a joint account to which she alleges she contributed; that she withdrew the funds after a separation of the parties, but gave the moneys to the defendant after a reconciliation.
It is conceded that no complaints were attached to the summons or have been served upon the parties.
Defendant contends that the mere service of a summons cannot legally ‘ ‘ tie up ” his accounts. The defendant banks assert that subdivision 5 of section 239 and subdivision 5 of section 134 of the Banking Law permit them to withhold the moneys from defendant until a judicial determination concerning them can be rendered.
Both sections provide that notice .to a bank of an adverse claim to an account standing on its books in the name of another person is not effectual to cause the bank to recognize it unless the adverse claimant either procures “a restraining order, injunction or other appropriate process against said bank” in an action to which the depositor is made a party, or post a bond to indemnify the bank. The purpose of subdivision 5 of section 239 of the Banking Law which has its counterpart for commercial banks in subdivision 5 of section 134 of said law is to protect banks against the hazards of double liability in cases of adverse claimants (Leeds v. Guaranty Trust Co., 193 Misc. 681, 682; see Matter of Sumitomo Shoji New York v. Chemical Bank New York Trust Co., 47 Misc 2d 746).
In the ease at bar, although plaintiff has failed to comply with the statutes, defendant banks have apparently recognized her as an adverse claimant, even though they are not mandated by .statute to do so (Ohanian v. Ohanian, 25 A D 2d 465; see Hozova v. Guaranty Trust Co. of N. Y., 66 N. Y. S. 2d 875).
Concededly, the hold on the accounts is predicated solely on the issuance and service of the summons only, without any factual allegations or proof as to the plaintiff’s right to such funds other than a bare conclusory statement which, in the court’s opinion, is insufficient.
The mere service of the summons is patently inadequate. Her affidavit in opposition to the motion is bereft and barren of any facts tending to show the alleged breach of an oral arrangement or any unjust enrichment. These facts are required *487 to be asserted when seeking a constructive oral trust, where it is also alleged that a confidential relationship is breached by repudiation (Foreman v. Foreman, 251 N. Y. 237; Fraw Realty Co. v. Natanson, 261 N. Y. 396; Tichonchuk v. Orloff, 36 Misc 2d 623; Duboff v. Duboff, 18 Misc 2d 1050).
Accordingly, the motion is granted.