MISSISSIPPI CENT. R. CO. *v.* BROOKHAVEN LUMBER & MFG. CO.

(Division B. April 4, 1933.)

[147 So. 814. No. 30531.]

**T. Brady, Jr.,** of Brookhaven, and **Hannah & Simrall,** of Hattiesburg, for appellant.

**Travis & Travis** and **Stevens & Heidelberg,** all of Hattiesburg, for appellee.

Argued orally by **T. Brady,** for appellant, and **R. W. Heidelberg,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Forrest county refusing to set aside an order of that

court made at a previous term dismissing this cause as stale, and refusing to reinstate it on the docket for trial.

The cause was begun on August 14, 1925, when appellant filed its bill against appellee seeking certain relief. Appellee interposed a demurrer to the bill. By agreement of the solicitors of the parties no step was taken in the case until April 6, 1928, when an order was entered submitting the cause to be heard in vacation on bill and demurrer. No further steps of record were taken by either party. Some days prior to the March, 1931, term of the court the clerk entered on the docket a motion to dismiss a large number of cases, including this one, as stale. The motion recited, "set down for hearing on motion of the clerk to dismiss as stale." The term of court covered the period from March 16 to April 11, 1931. The decree of dismissal was entered on April 10th, the day before the adjournment of court.

The evidence tended to show that before the convening of the term of court at which the cause was dismissed one of the solicitors for appellee agreed with one of appellant's solicitors that the hearing of the cause should stand on the order entered on April 6, 1928; that is, that it should be tried in vacation at such time and place as might be agreed upon by the chancellor and the solicitors representing the respective parties. The evidence showed further, however, without conflict that neither appellee nor any of its solicitors had any hand in the dismissal of the cause as stale. On the contrary, that they neither knew nor heard of its dismissal until after the court, at which the order of dismissal was entered, had adjourned. No written stipulation was filed in the cause providing for its trial in vacation.

Section 390, Code 1930, is in this language: "Whenever the court, or chancellor in vacation, is empowered to allow an enlargement of time for filing answer or demurrer, or to set aside a decree pro confesso or to remand the cause to rules for further pleadings or proof, or

to grant a continuance for the term, any of the same may be had and done without any order of the court or chancellor if all the parties or their solicitors of record sign and file in the cause a written stipulation to that effect; and a solicitor, when once authorized to appear in a cause for a party shall thereafter be conclusively deemed as authorized to continue and as continuing therein as such solicitor for said party until a written notice by the solicitor or by the party, of the termination of the authority shall be filed among the papers in the cause.''

Under this statute the agreement relied on by appellant that the cause be continued for hearing in vacation was not binding on appellee because it was not evidenced by a signed written stipulation filed with the papers in the cause. This is not a case where one of the parties to a cause has suffered by the wrong of his adversary. If the solicitors for appellee had been active in bringing about the dismissal of the cause, or had known of the motion of the clerk to dismiss, without informing the solicitors for appellant of such action or knowledge, there would be a very different question from the one now before the court.

Section 667, Code 1930, provides as follows: ''The clerk of any court shall move the court to dismiss any cause pending therein in which no step has been taken for the two terms preceding; and the court shall, unless good cause be shown to the contrary, dismiss the same at the cost of the plaintiff or complainant.''

For the first time, by the adoption of the Code of 1930, this statute was made mandatory. It provides that the clerk *shall* make the motion and the court *shall* dismiss, unless good cause be shown to the contrary.

We see no escape from affirming the decree.

Affirmed.