BAKER *v.* MOORE.

(Division B.   Sept. 28, 1936.)

[169 So. 773.   No. 32267.]

H. C. Stringer, of Jackson, for appellant.

H. V. Watkins, Ralph B. Avery, and Barnett, Jones & Barnett, all of Jackson, for appellees.

Griffith, J., delivered the opinion of the court.

Appellant filed an action in the county court on a date not shown by the record. At the July, 1935, term of that court, the case was dismissed without prejudice at the cost of the plaintiff. At the November, 1935, term the plaintiff moved in the county court to reinstate the case,

which motion was overruled. No appeal was taken from these orders of dismissal, as appellant could have done under Solomon v. Continental Baking Co. (Miss.), 165 So. 607; but, instead of appealing, plaintiff filed a petition in the circuit court on January 25, 1936, to transfer the case to that court. This petition was denied by the circuit court, and it is from the order of the circuit court denying the petition for transfer that the appeal now before us is taken.

In order that a petition to transfer a case may be entertained, there must be a pending case to be transferred. When the petition to transfer was filed in the circuit court, there was no pending case in the county court to be transferred—the case had already been dismissed in the county court by an order of dismissal from which no appeal had been taken. There is nothing in this record to show that the order of dismissal in the county court was absolutely void, as is contended by appellant. On the contrary, the essential facts not being shown, the general presumption in favor of the correctness of judgments must be indulged, and among these we may presume that the dismissal in the county court was because the case had become stale; and, when a case has become stale, no notice is required to be served when the court proceeds under the statute, section 667, Code 1930, to dismiss. Mississippi Cent. R. Co. v. Lumber & Mfg. Co., 165 Miss. 820, 147 So. 814.

Affirmed.