ROBERTSON, Justice.
Immediately after the July, 1966, Term of the Chancery Court of Winston County was closed on July 26, 1966, after being convened on July 25, 1966, the Appellee, Atlas Fertilizer & Chemical Co., Inc., on July 30, 1966, filed a sworn and detailed written Motion to Set Aside a Decree Pro Con-fesso entered on July 25, 1966, in favor of Appellant, W. A. Kemp, and against the appellee. The Chancellor, after a hearing in vacation on the Motion at which counsel for the appellant and appellee were present and presented arguments, set aside the Decree Pro Confesso and Final Decree. On Motion of the appellant, the Chancellor allowed an interlocutory appeal to this Court to settle the law of the case. The sole question involved on this appeal is whether the Chancellor, in vacation, had jurisdiction and authority to set aside the Decree Pro Confesso and the Final Decree entered thereon.
The facts of this particular and peculiar case are so clearly and succinctly stated in the findings of the Chancellor in his Order of August 6, 1966, setting aside the Decree Pro Confesso and Final Decree thereon, that we reproduce the Chancellor’s Order in full:
“This matter came on for hearing in vacation on the motion of the Complainant and Cross-Defendant, Atlas Fertilizer and Chemical Company, Inc. to set aside the Decree Pro Confesso and Final Decree issued thereon, heretofore entered in this cause in favor of the Defendant and Cross-Complainant W. A. Kemp. The Court being fully advised in the premises and having had the benefit of argument of counsel and having examined evidence relating hereto finds:
I.
“This Court has jurisdiction of the parties and the subject matter herein presented. The Court finds that on the hearing of the Motion of the Complainant and Cross-Defendant to set aside the Decree Pro Confesso and Final Decree issued thereon that both parties litigant were represented by counsel.
II.
“The Court finds that this matter was originally instituted in July of 1964 in the Circuit Court of Winston County by the filing of a Declaration by Atlas Fertilizer and Chemical Company, Inc. against W. A. Kemp seeking to recover a sum certain for open account sales of fertilizer. Thereafter, on motion of the Defendant and Cross-Complainant, W. A. Kemp, this cause was transferred, on the 18th day of January, 1965 to this Court. The Court further finds that after transfer of aforesaid, a complaint in proper form was filed during January, 1965 and thereafter, after Defendant failed to answer at the March, 1965 term, the return term, an answer and cross-bill on behalf of Defendant, W. A. Kemp, was filed in this cause during August of 1965. The Court further finds that thereafter an amended answer and cross-bill on behalf of W. A. Kemp was filed on the 21st day of December, 1965.
III.
“The Court finds that during the time aforesaid, Solicitor of record for the Defendant and Cross-Complainant, the Honorable R. W. Boydstun became very seriously ill and as a result thereof, and at his request, this cause was continued for approximately one year.
IV.
“The Court further finds that upon recovery from his illness, Solicitor of record for the Defendant and Cross-Complainant advised Solicitor of record for Atlas, the Honorable John R. Bradley, Jr., that he was physically capable of having the matter presented during the March, 1966 term of this Court. The Court further finds that on the first day of the March, 1966 term of Court, it was *54 agreed between counsel, Honorable R. W. Boydstun and Honorable John R. Bradley, Jr., that the matter would be continued at the March term.
“The Court finds that at the time of agreement between counsel entered into verbally on March 28, 1966, and as subsequently confirmed by written correspondence, original and copies of which have been examined by the Court, it was agreed that this cause would be passed with no action during the March term with no action contemplated by respective counsel until the next term of this Court. The Court finds that at the time of this agreement, the next term of this Court would have been the September term of Court.
V.
“The Court finds that the Legislature of the State of Mississippi, by Senate Bill No. 2042, created additional terms of this Court, one of which commences on the fourth Monday of July for a period of six (6) days. The Court finds that the effective date of such legislation was May 6, 1966. The Court finds that no answer to the cross-bill filed by the Defendant and Cross-Complainant was of record on the fourth Monday of July, 1966. The Court further finds that the Defendant and Cross-Complainant took a decree Pro Confesso in this cause on the cross-bill on the 25th day of July, 1966 and that on July 26, 1966, prior to noon thereof, a final judgment was entered on said decree and that the July term of this Court terminated at approximately noon on July 26, 1966.
VI.
“The Court finds that the creation of the July term of this Court was not generally known by attorneys throughout the state. The Court specifically notes that numerous attorneys within the Sixth Chancery District of the State of Mississippi were unaware of the institution of this term of court and the Court further specifically notes that two attorneys actively practicing in Louisville, County seat of Winston County, Mississippi, were unaware of the institution of the July term of this Court. The Court further finds that during the latter part of May and the first part of June, 1966, counsel for the Complainant and Cross-Defendant, Honorable John R. Bradley, Jr., was engaged in negotiations with the Law School of the University of Mississippi prior to assuming a position on the faculty thereof. The Court further finds that Honorable John R. Bradley, Jr. withdrew from the active practice of law on approximately June 3, 1966 at which time he joined the faculty of the Law School of the University of Mississippi.
VII.
“The Court is of the opinion and therefore finds that at the time of the entry of the Decree Pro Confesso in this cause and the final judgment thereon, counsel of record for the Complainant and Cross-Defendant was of the opinion and believed that no term of this court would convene until September, 1966 and, further, that said counsel was of the opinion and was acting in the belief that he had an agreement with opposing counsel under which no action would be taken on this cause until the next term of court, which at the time of that agreement, would have been the September, 1966 term of court. The Court finds, therefore, that as was the case with numerous other attorneys with business pending before this Court, that counsel of record for the Complainant and Cross-Defendant was unaware of the institution of the new term of this court during July, 1966 and the Court further finds that such lack of knowledge was not due to the inattention, neglect or fault on the part of the solicitor of record for the Complainant and Cross-Defendant, that the facts and circumstances herein set forth constituted surprise to the solicitor *55 of record for the Cross-Defendant and the entry of the Decree Pro Confesso and Final Decree thereon as a result of no answer being filed to the cross-bill herein was the result of accident and mistake predicated upon the surprise and lack of knowledge, without fault, of the creation and existence of a July term of this court. The Court therefore finds that to allow a Decree Pro Confesso and Final Judgment thereon to stand under the circumstances set forth above would constitute an injustice and would be inequitable under the factual circumstances presented by this particular case.
VIII.
"Therefore, the Court finds that based on the general equity powers of this Court to relieve conditions of injustice or undue advantage occasioned by fraud, surprise, accident or mistake, that this Court now has the power, acting in vacation, to set aside and vacate the Decree Pro Confesso and Final Decree issued hereon as hereinabove set forth.
“IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Decree Pro Confesso heretofore entered in this cause on July 25, 1966, and the Final Decree entered thereon on July 26, 1966 shall be, and the same are hereby set aside, vacated and held for naught and the Complainant and Cross-Defendant, Atlas Fertilizer and Chemical Company, Inc., is hereby granted a reasonable time within which to file an answer to the cross-bill exhibited against it in this cause by Defendant and Cross-Complainant, W. A. Kemp. Thereafter, said cause shall proceed to a determination on its merits at the earliest practical time.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs accrued in this action to date shall be paid by the Complainant and Cross-Defendant at the time its answer is filed herein.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Complainant and Cross Defendant shall file its answer to the cross-bill in this cause as soon after the entry of this order as practical.
“ORDERED, ADJUDGED AND DECREED this 6th day of August, 1966.”
Griffith, in his monumental work on Mississippi Chancery Practice, has this to say on vacating and setting aside decrees:
“A decree may be vacated and thereupon corrected by an original bill, in the nature of a bill of review, for fraud in its procurement, or upon any such state of facts as constitutes the legal equivalent of fraud; as for instance, surprise, accident and mistake, so long as these have reference to facts, as distinguished from mistakes and surprise touching the law or in the application of the law to a state of facts already actually presented and considered. It is laid down broadly that the jurisdiction and power of a court of equity to relieve against fraud and the legal equivalent thereof as respects judgments and decrees is as ample as it is to set aside a contract or other engagement procured or brought about by like means or under the operation of equivalent circumstances, — the dominant requirements being (1) that the facts constituting the fraud, accident, mistake or surprise must have been the controlling factors in the effectuation of the original decree, without which the decree would not have been made as it was made; (2) the facts justifying the relief must be clearly and positively alleged as facts and must be clearly and convincingly proved; (3) the facts must not have been known to the injured party at the time of the original decree, and (4) the ignorance thereof at the time must not have been the result of the want of reasonable care and diligence. * * * ” Griffith, Chancery Practice § 642 (2d ed. 1950) (Emphasis added)
*56 In the case of Robertson, State Revenue Agent v. Aetna Ins. Co., et al., 134 Miss. 398, 406, 98 So. 833, 834 (1924), the appellant made the same contention that the appellant makes in the instant case, that is, that after the expiration of the term of court at which a decree was entered, the court is without authority under any circumstances to vacate and set aside or even to correct the decree entered. This Court, in deciding that issue adversely to the appellant, said:
“Where through accident, mistake, or fraud a judgment or decree is incorrectly entered and is not the judgment or decree which would have been entered had not such accident, mistake, or fraud intervened, then in such case a court of equity will afford relief and correct such judgment or decree. The power of a court of equity in such a case does not depend upon nor is it restrained by section 1016, Code of 1906 (section 736, Hemingway's Code), but is an independent ground of equity jurisdiction. The power of the court of equity in such cases to grant relief is complete. One of the original heads of equity jurisdiction is the power to correct judgments for fraud, accident, or mistake. The jurisdiction of equity in case of accident or mistake is as broad as its jurisdiction in cases of fraud. Where the parties to a cause and the court trying the cause, acting on the belief that a certain state of facts existed, entered a judgment based on such facts, but by reason of mistake as to facts such judgment would work a hardship to any of the parties, equity will give relief. Webster v. Skipwith, 26 Miss. 341; Wilson v. Town of Handsboro, 99 Miss. 252, 54 South 845, Ann.Cas.1913E, 345; Brown v. Wesson, 114 Miss. 216, 74 South 831. In discussing a like question in Webster v. Skipwith, supra, the court quoted with approval the following from Story and Chief Justice Marshall:
“ ‘That in all cases where by accident, mistake, or fraud, or otherwise, a party has an unfair advantage in proceeding in a court of law, which must necessarily make that court an instrument of injustice, and it is, therefore, against conscience that he should use that advantage, a court of equity will interfere and restrain him from using the advantage.’ 2 Story’s Eq.Jur. § 885.” (Emphasis added)
This Court, in Corinth State Bank v. Nixon, 144 Miss. 674, 683, 110 So. 430, 431-432 (1926), reaffirmed the authority and jurisdiction of the chancery court to set aside a decree pro confesso and a final decree after the term of court has ended, where there was fraud, accident or mistake in the procuring of the decree. The Court said:
“The power of the court to set aside a decree pro confesso and a final judgment thereon ends with the term of the court at which it is rendered, and the court loses control over it unless the facts in reference thereto make a case coming within the chancery court jurisdiction to set aside a judgment on a ground of fraud, accident, or mistake. In order to maintain an original bill for this purpose on the ground of mistake, the mistake must be a mutual mistake, and the complainant must not be negligent with reference to his default." (Emphasis added)
It is perfectly apparent that counsel for both appellant and appellee intended to pass or continue the case to the regular September, 1966, Term of Court when they agreed on March 28, 1966, during the regular March, 1966, Term of Court, to pass or to continue the case to the next term of court. At that time, there was no July, 1966, Term of Court authorized or created by the legislature. It was not until May 6, 1966, that the Mississippi Legislature created the one week July Term of Court to begin on the Fourth Monday of July. The Chancellor found that:
“ * * * as was the case with numerous other attorneys with business pend *57 ing before this Court, that counsel of record for the Complainant and Cross-Defendant was unaware of the institution of the new term of this court during July, 1966 and the Court further finds that such lack of knowledge was not due to the inattention, neglect or fault on the part of the solicitor of record for the Complainant and Cross-Defendant, that the facts and circumstances herein set forth constituted surprise to the solicitor of record for the Cross-Defendant and the entry of the Decree Pro Confesso and Final Decree thereon as a result of no answer being filed to the cross-bill herein was the result of accident and mistake predicated upon the surprise and lack of knowledge, without fault, of the creation and existence of a July term of this Court.”
We agree with the Chancellor in these findings. Under the peculiar facts of this case, where the case had been continued for almost a year because of the serious illness of counsel for W. A. Kemp, it ill became such counsel to renege on his agreement and to slip into court and také an unconscionable advantage of his opponent.
According to the findings of the Chancellor the appellee has met every test and every requirement set forth in section 642, Griffith, supra, for the vacating and setting aside of decrees.
It matters not whether relief is sought by way of an original bill in the nature of a bill of review, by a true bill of review, by motion, by petition or by other pleading. One of the procedural maxims of equity is that equity looks to the intent, and will regard substance rather than form. This Court notes particularly that the Chancellor has not entered a final decree in vacation, but has merely set aside a Decree Pro Confesso and a Final Decz-ee mistakenly entered. After granting time within which to file an answer to the cross-bill, the Chancellor provided:
“Thereafter, said cause shall proceed to a determination on its merits at the earliest practical time.”
This means that the cause will be tried on its merits at a regular term of court. This procedure was specifically approved in Hyde Construction Co., Inc. v. Highway Materials Co., 248 Miss. 564, 159 So.2d 170, 162 So.2d 856 (1963), and in McDaniel Brothers Construction Co. v. Jordy, 254 Miss. 839, 183 So.2d 501, 185 So.2d 450 (1966). In the Hyde case, this Court said:
“In order setting aside the default judgments and the orders granting new trials were authorized by the new amendment to § 1519, Miss.Code 1942, Rec. Since this amendment does not authorize the circuit court to try cases and render final judgments in vacation, we are of the opinion, and so hold, that the orders entered by the trial judge in vacation served to sustain the motion to set aside the default judgment and grant new trials, but that the case was then continued for final hearing to the next term of the court.” 248 Miss. at 575, 159 So.2d at 174.
In the McDaniel Brothers case, this Court reaffirmed the authority of the circuit judge in vacation to set aside a judgment entered in term time when it said:
“In the instant case, the motion to set aside the judgment was made and argued in term time, but the order setting aside the judgment was not entered until after the regular term. We are of the opinion that since the court had authority to pass upon motions to set aside the judgment in vacation that the order entered by the court, dated August 19, 1964, served to set aside the original judgment, but that the matter was then continued by law until the next regular term. Thus, it has been continued from term to term and is now a pending matter in the Circuit Court of the First Judicial District of Hinds County, Mississippi.” 183 So. 2d at 508.
*58 We hold that a Chancellor has the authority and jurisdiction to vacate and set aside decrees pro confesso and final decrees at any time, whether in term time or in vacation, where such decrees have been procured by fraud, surprise, accident or mistake.
The Order of the Chancellor setting aside the Decree Pro Confesso and Final Decree is affirmed, and this cause is remanded for a trial on the merits.
This opinion is in support of and in accordance with the Order of this Court rendered on April 10, 1967, 197 So.2d 485, affirming and remanding this Case for a trial on the merits.
Affirmed and remanded.
ETHRIDGE, C. J., and JONES, PATTERSON and SMITH, JJ, concur.