SMITH, Justice:
The present appeal arises out of a suit by George C. “Pete” Payne, as complainant, against Earl Owen and Lonnie J. O’Neal, as defendants, in which Payne demanded an accounting for sums alleged to be due him under a contract for personal services. The appeal is from a decree entered by the Chancery Court of Harrison County, First Judicial District, refusing to vacate or set aside a final decree, based upon a decree pro confesso, which had awarded a money judgment to Payne against Owen and O’Neal in the sum of $6,512.73.
Payne’s bill of complaint charged that he had been employed by Owen and O’Neal under an oral agreement whereby he was to receive for his services ten percent of the net profits of a certain business operated by them. It was alleged in the bill that Payne had been paid “only the amount that they (O’Neal and Owen) wanted him to have and paid the balance to themselves and that they never gave to your Complainant (Payne) a copy of their receipts and an accurate accounts (sic) of their expenditures. . . . [T]hat by reason thereto (sic), that he is entitled to and this Honorable Court should require of the Defendants, an accurate account of all their receipts and expenditures.”
Payne then proceeds to allege “on information and belief, which he verily believes to be true,” that ten percent of the net receipts to which he was entitled would be $6,512.73.
Process in the case was made returnable to the May Term, 1973. On May 14, the first day of the term, defendants’ counsel discussed with counsel for Payne the proposition of obtaining additional time to answer. Payne’s attorney had no objection to the granting of further time for the filing of the answer, but there appears to have been a misunderstanding as to how much time would be required. Payne’s attorney understood that an extension of only three additional days was contemplated. Defense attorney did not so understand and when the matter was presented to the chancellor, fifteen days were requested and granted. This was discovered by Payne’s counsel when he examined the court docket on May 18, 1973, but no complaint seems to have been made by counsel about the longer time.
In a conversation between counsel for the parties occurring on May 29, 1973, it is agreed that defense counsel informed counsel for complainant that an answer and accounting had been prepared. But counsel for Payne recollects that he added “and has been filed.” Defense counsel, however, recalls that he said only “and will be filed.”
It is uncontradicted that, in fact, the answer and accounting had been prepared and had been sworn to by Owen and O’Neal on May 28, the day before the above conversation took place. The originals of these documents were placed in the United States mail, addressed to the court *295 clerk, on Friday, June 1, the final day of the May Term, and, at the same time, copies were mailed to complainant’s counsel. These documents actually were not received by their respective addressees until Tuesday, June 5. Monday, June 4, was a legal holiday.
Nothing seems to have transpired in the case until, on June 1, the final day of the term, counsel for complainant examined the court docket and then noted that it did not reflect that an answer or accounting had been filed with the court clerk. Thereupon, counsel returned to his office and prepared (1) motion for decree pro confesso, (2) decree pro confesso, and (3) final decree. Under the terms of the latter, complainant was awarded a money judgment against defendants for $6,512.73, the sum, it was alleged in the bill, Payne “verily believed’’ they owed him. These documents were presented to the chancellor, without notice to defense counsel and without his knowledge. The chancellor sustained the motion and entered the decree pro confesso. Upon that decree, without proof, a final decree was entered, awarding the money judgment against the defendants for the said sum of $6,512.73.
Defense counsel was not apprised of any of this until June 5. As soon as he found out about it, immediate steps were taken directed toward having set aside the pro confesso and final decree. A sworn bill, recounting the substance of the facts related above, was filed, attacking the entry of the decrees and praying that they be set aside. The chancellor heard the matter but declined to set aside either decree and defendants now appeal here.
It appears that counsel for the parties to this litigation maintain their offices in close proximity to the courthouse. It is unclear why defense counsel chose to entrust the answer, and accounting, which had been prepared, admittedly, on May 28, to the United States mail, rather than “hand deliver it” to the court clerk. There does not appear to be a Mississippi statute dealing with the filing of pleadings by mail, although Mississippi Code Annotated section 11 — 5—59 and section 13-3-83 expressly permit the mailing of amendments and supplements to pleadings and of certain notices. The latter section provides that a notice so mailed shall be effective as of the date of mailing.
But, as stated, we find no similar provision with respect to the filing of pleadings themselves by mail, although it is not readily apparent what valid reason exists for distinguishing between an amendment or supplement to a pleading and the pleading itself in this regard.
Appellants argue that, although the decrees were taken before the answer and accounting actually reached the clerk, the present case was a “litigated” case and thus is within the purview of Mississippi Chancery Court Rule 38. Rule 38 is as follows:
Decrees Must Be Submitted to Opposing Counsel When. — In all litigated matters or causes the solicitor who shall draw the decree shall submit the same to opposing counsel for criticism before .presenting it to the Chancellor for his signature.
Unquestionably, from the record, it does appear from complainant’s attorney himself, that he had sought to settle the case with defense counsel but had been informed that the case would not be settled. Also, counsel for complainant had agreed to the granting of additional time to answer, although a misunderstanding did occur as to how long this should be. The formal appearance of counsel for defendants, their written motion filed in the case, and the obtaining of the order granting an additional fifteen days in which to answer, lends support to the contention that the case was, in fact, a “litigated” case. If so, Rule 38 required that the proposed decrees be submitted to defense counsel prior to their being presented to the chancellor for signature. But whether this be the case or not we are constrained to hold that it was not error for the chancellor to enter the decree pro confesso under all of the cir *296 cumstances. The answer was past due, the additional fifteen days granted had expired before it was mailed to the clerk, and admittedly it had not been filed. Nevertheless, it was error to enter the final decree awarding the money judgment on the basis of the decree pro confesso, without taking proof.
Mississippi Code Annotated section 11-7-171 provides what shall be done in cases where the amount involved is not specific and certain. This section applies to proceedings in the chancery courts as well as to those in the circuit courts. Miss.Code Ann. § 11-7-1 (1972).
In Griffith, Mississippi Chancery Practice section 264 (2d ed. 1950), in dealing with this subject, it is stated:
[W]hen a decree pro confesso has been validly taken ... all the material facts averred in the bill positively and definitely are to be thereafter taken as true as to adult defendants and that no proof of them is required, . . but at the same time the rule has been declared that when the facts are indefinite, or the demand is in its nature uncertain, the certainty requisite to a decree must be afforded by proof. . . .
Section 265 of the same work is as follows :
. . . Another illustration (of a case where proof must be taken) is the bill for an accounting, the very purpose of which is to have that made certain which the parties themselves cannot so make.

The bill of complaint contains unequivocal factual allegations as to complainant’s employment by defendants and that he was to receive for his services ten percentum of the net profits for the period involved. But it was alleged that complainant did not have access to defendants’ records or accounts of receipts and expenditures, and by his suit, complainant expressly invoked equity jurisdiction for the purpose of obtaining an accounting so that the amount due might be thereby determined.
After the positive allegation as to his employment the bill proceeds on information which Payne says he “verily believes to be true” and which is the basis of his belief that $6,512.73 is owed. These allegations, however, are incapable of supporting a final decree for a money judgment in that precise amount or in any amount, in the complete absence of an accounting or proof. At most, the ultimate fact alleged, and “confessed” by failure to answer, is that complainant does, in fact, “verily believe” that defendants owe him that sum.
It was error, therefore, for appellee to request, and the court to enter, the final decree for a money judgment, without an accounting and without any proof from which the amount due, if any, could be determined.
An interlocutory decree should have been requested directing appellants to account or to produce their records, or both. In any event, it was necessary to establish by proof the sum due, if any, prior to the entry of a final decree. For that purpose, relevant records and accounts of appellants may be reached through subpoena duces tecum.
The decree appealed from will be reversed, the final decree for the money judgment will be vacated and set aside. Since the answer and accounting have now been filed, the case is remanded to the trial court for the purpose of these further proceedings: (1) an interlocutory decree shall be entered allowing Payne thirty days to file exceptions to the accounting exhibited with the answer, and (2) an evidentiary hearing upon the bill, answer, accounting and proof shall be held thereafter, and such decree will then be entered as may be appropriate and proper based upon such evidence as may be then adduced.
Affirmed in part, reversed in part, and remanded.
RODGERS, P. J., and PATTERSON, ROBERTSON and SUGG, JJ., concur.