370 So.2d 240 (1979)
Betty W. SHAEFFER
v.
George W. SHAEFFER.
No. 51114.
Supreme Court of Mississippi.
April 18, 1979.
*241 Warren & Jones, Peggy A. Jones, Holly Springs, for appellant.
Michael L. Kemp, Holly Springs, for appellee.
Before ROBERTSON, WALKER and LEE, JJ.
WALKER, Justice, for the Court:
This is an appeal by Betty W. Shaeffer from a decree of the Chancery Court of Marshall County modifying a former divorce decree relative to alimony and child support.
George W. Shaeffer and Betty W. Shaeffer were married on July 30, 1966, and lived together for over ten years until they separated on September 20, 1976. One child, Scott Michael, was born of this marriage. Mrs. Shaeffer had another son from a previous marriage.
On September 27, 1976, Betty W. Shaeffer filed her original bill for divorce and other relief in the Chancery Court of Marshall County. Process was had upon the defendant, George W. Shaeffer, in January, 1977. Mr. Shaeffer did not contest the proceedings and was in West Virginia at the time the divorce was heard.
In the decree of January 26, 1977, Mrs. Shaeffer was awarded a divorce, permanent custody of the minor child, exclusive use and occupancy of the residence of the parties, exclusive use of all household furnishings, furniture and fixtures, together with all yard tools, including lawnmowers and all other personal property located on the premises, $300.00 per month alimony and $300.00 per month child support. It was further ordered that beginning February 1, 1977, a lien was to be impressed on the house and two lots to secure payment of alimony and child support. Mr. Shaeffer was also ordered to pay all medical and dental bills of the child, all taxes, fire insurance and exterior repairs to the home. Mrs. Shaeffer was awarded use of a 1968 Chrysler automobile. Mr. Shaeffer was ordered to pay Mrs. Shaeffer $250.00 for attorney's fees. This decree was not appealed.
In October, 1977, after having remarried, Mr. Shaeffer filed a petition seeking modification of the original divorce decree, alleging that there had been such a material change in the circumstances of the parties as to require modification of the alimony payments and child support payments.
The cause was heard in regular term on August 4, 1978, with testimony being given by both appellant and appellee. A decree was rendered reducing Mr. Shaeffer's alimony payments from $300.00 to $150.00 and his child support payments from $300.00 to $200.00, although there was no proof of a material or substantial change in circumstances.
The issue before us is whether the chancellor erred in reducing the alimony and child support from that ordered in the original decree.
Mississippi Code Annotated section 93-5-23 (1972) provides:
When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife, or any allowance to be made to her, and may, if need be, require sureties for the payment of the sum so allowed. The court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require. However, where proof shows that both parents have separate incomes or estates, the court may require that each parent contribute to the support and maintenance of the children of the marriage in proportion to the relative financial ability of each.
In Williams v. Williams, 127 Miss. 627, 635, 90 So. 330, 331 (1921), the Court, on construing the language of section 93-5-23, held that the statute "does not authorize the court to set aside a decree rendered at a former term and render another in lieu *242 thereof, but only to change or modify the terms of a former decree in accordance with the after-arising circumstances of the parties."
To justify changing or modifying the original decree there must be a material or substantial change in the circumstances of the parties. Spradling v. Spradling, 362 So.2d 620 (Miss. 1978); Savell v. Savell, 290 So.2d 621 (Miss. 1974). The material or substantial change is relative to only the after-arising circumstances of the parties following the original decree.
The chancellor's decision to reduce the amount of Mr. Shaeffer's alimony and child support payments was not founded on a material or substantial change in the after-arising circumstances of the parties. The chancellor felt that he had allowed too much alimony and child support in the first instance. This was error and the cause must be reversed for that reason.
The appellee contends, however, that the chancellor had authority to correct the decree under the principle that where through accident, mistake, or fraud a judgment or decree is incorrectly entered and is not the judgment or decree which would have been entered had not such accident, mistake, or fraud intervened, then in such case a court of equity will afford relief and correct such judgment or decree. Kemp v. Atlas Fertilizer & Chemical Company, 199 So.2d 52 (Miss. 1967); Robertson, State Revenue Agent v. Aetna Insurance Company, 134 Miss. 398, 98 So. 833 (1924); Brown v. Wesson, 114 Miss. 216, 74 So. 831 (1917); Wilson v. Town of Handsboro, 99 Miss. 252, 54 So. 845 (1911).
In Kemp, supra, the Court said:
A decree may be vacated and thereupon corrected by an original bill, in the nature of a bill of review, for fraud in its procurement, or upon any such state of facts as constitutes the legal equivalent of fraud; as for instance, surprise, accident and mistake, [Emphasis theirs] so long as these have reference to facts, as distinguished from mistakes and surprise touching the law or in the application of the law to a state of facts already actually presented and considered. It is laid down broadly that the jurisdiction and power of a court of equity to relieve against fraud and the legal equivalent thereof as respects judgments and decrees is as ample as it is to set aside a contract or other engagement procured or brought about by like means or under the operation of equivalent circumstances,  the dominant requirements being (1) that the facts constituting the fraud, accident, mistake or surprise must have been the controlling factors in the effectuation of the original decree, without which the decree would not have been made as it was made; (2) the facts justifying the relief must be clearly and positively alleged as facts and must be clearly and convincingly proved; (3) the facts must not have been known to the injured party at the time of the original decree, and (4) the ignorance thereof at the time must not have been the result of the want of reasonable care and diligence. * * * Griffith, Chancery Practice § 642 (2d ed. 1950). (Emphasis added) (199 So.2d at 55).
The principle of law relied upon by appellee is sound and still very viable in our jurisprudence; however, it has no application to the case now before the Court. First, there were no allegations of facts that were fraudulently or mistakenly made to the court at the first hearing and the record reveals no such proof. In fact, the chancellor specifically found that the appellant (original complainant in divorce action) did not misrepresent anything to him at the time of the original hearing. When the original divorce decree was rendered, the chancellor applied the law as to alimony and child support in the exercise of his best judgment at that time, based on the facts presented to and considered by him. The appellee (original defendant) had been personally served with summons, but chose not to answer and defend the bill of complaint for divorce which contained a prayer for alimony and child support. He cannot now complain that there was evidence relative to his ability to pay alimony and child support *243 which he would have presented to the court had he been present.
We have carefully considered this record and are of the opinion that although the alimony and child support payments originally decreed by the chancellor were high, they are not so high as to be unconscionable and oppressive and thereby justify the court in affording extraordinary relief under its equitable powers.
If the original decree rendered in this cause were allowed to be modified on the facts presented by this record, there would be no substance left to the rule that decrees touching the care, custody and maintenance of children of a marriage and touching the maintenance and alimony of the wife, may only be made upon a showing of a material or substantial change in the after-arising circumstances of the parties.
For the reasons stated above, the decree of August 4, 1978, which modified the final decree of divorce granting alimony and child support dated January 26, 1977, is set aside and the original decree is reinstated.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, WALKER and COFER, JJ., concur.