460 So.2d 1202 (1984)
INTERNATIONAL PAPER COMPANY
v.
Mitchell BASILA.
No. 54379.
Supreme Court of Mississippi.
November 14, 1984.
Rehearing Denied January 9, 1985.
*1203 Wallace R. Gunn, Milton A. Schlesinger, Joseph E. Bush, Gunn, Schlesinger & Bush, Hattiesburg, for appellant.
A.M. Murphy, Lucedale, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and ROBERTSON, JJ.
DAN M. LEE, Justice, for the Court:
On October 30, 1981, appellee, Mitchell Basila filed in Chancery Court of Greene County, a bill of complaint alleging that at sometime during 1977 or 1978 appellant, International Paper Co. entered Basila's ten (10) acre parcel of land in Greene County without permission and cut and removed all merchantable timber. The bill stated that Basila protested the cutting to officials of International Paper but that these officials would not compensate him for the value of the timber taken. On November 2, 1981, a copy of the complaint was served on C.T. Corp. agent for process for International Paper. International Paper did not file an answer prior to December 9, 1981, and as a result Basila filed a motion for a decree pro confesso. A pro confesso decree was entered on December 9, 1981, and was followed by the entry of a final decree on December 18, 1981.
International Paper first became aware of the final decree on January 19, 1982. International Paper had responded to Basila's complaint with a motion for an enlargement of time in which to answer; but for uncertain reasons, the motion, certificate of service and proposed order had been mailed to the Chancery Clerk at his home at Rt. ___, New Augusta, Mississippi. A copy was also sent to Hon. A.M. Murphy, Lucedale, Mississippi, Attorney for Basila, but mysteriously were not discovered and filed by the clerk until January 19, 1982, 31 days after the final decree had been entered. The letter was postmarked in Hattiesburg, Mississippi, November 27, 1981. In an attempt to correct this error, on February 22, 1982, International Paper filed the equivalent of a motion to set aside the judgment under the old rules.[1] After a hearing on the motion, the chancellor refused to set aside his final decree and decree pro confesso, but did order that the prejudgment interest and attorneys fees awarded in the final decree be expunged. International Paper has appealed the chancellor's refusal to set aside the final decree and decree pro confesso. Basila has cross-appealed the chancellor's expunction of the prejudgment interest and attorneys fees.
While several points were raised on this appeal the dispositive issue is whether the chancellor abused his discretion when he refused to set aside the final decree and pro confesso decree. We are of the opinion that the chancellor did abuse his discretion for the reasons set forth below.
Decrees pro confesso and final decrees are not favored by this Court in situations where surprise, accident, mistake or fraud have given rise to the judgment. Kemp v. Atlas Fertilizer & Chemical Co., 199 So.2d 52 (Miss. 1967); Corinth State Bank v. Nixon, 144 Miss. 674, 110 So. 430 (1926); Robertson, State Revenue Agent v. Aetna Ins. Co., 134 Miss. 398, 98 So. 833 (1924); *1204 Griffith, Chancery Practice § 642 (2nd ed. 1950). In Kemp, the Court stated:
[A] chancellor has the authority to vacate and set aside decrees pro confesso and final decrees at any time, whether in term time or vacation, when such decrees have been procured by fraud, surprise, accident or mistake.
199 So.2d at 58.
However, decrees pro confesso and final decrees have been upheld by this Court in cases where parties have been guilty of extreme dilatoriness or inexcusable neglect. Owen v. Payne, 301 So.2d 293 (Miss. 1974); Davis v. Polk, 242 Miss. 419, 135 So.2d 175 (1961).
Ruling on a motion to set aside or vacate a decree pro confesso or final decree is a decision which is best left to the sound discretion of the trial judge. In the exercise of that discretion, the trial judge should consider the following factors:[2]
(1) Whether there was a bona fide excuse for the failure to answer timely.
(2) Whether the party in default has a colorable defense on the merits, thus indicating that the party is not merely attempting to delay; and
(3) The prejudice which would result to the non-offending party by the delay if the decree should be set aside.
In the case at bar, the chancellor failed to weigh these factors in his decision. The failure of International Paper to timely file an answer was the result of an accident or mistake and was certainly not occasioned by simple disregard of the service of process or indifference. Also, International Paper clearly had a colorable defense to the action instituted by Basila, it claims that it owns the property in question. Finally, from the record it appears that no irreparable injury to Basila would have occurred from the setting aside of the final decree and decree pro confesso. International Paper would have been allowed its day in court and the pursuit of an ultimately just resolution would have been furthered by a decision on the merits. The setting aside of the decree pro confesso and final decree are plainly required. The chancery court's ruling of July 20, 1982, is reversed, the final decree of December 18, 1981, and the decree pro confesso of December 9, 1981, are vacated, and the case is remanded to the Chancery Court of Greene County for further proceedings as may be appropriate.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, PRATHER and ROBERTSON, JJ., concur.
HAWKINS, J. concurs in part and dissents in part.
SULLIVAN, J., not participating.
HAWKINS, Justice, concurring in part and dissenting in part:
I concur in the reversal of this case, but I dissent from the reasons given by the majority for its reversal.
If I read the majority opinion correctly, in my view International Paper Company was never in default. Default occurs only when the defendant has ignored the summons, and made no response. In this case process was served on the defendant on November 2, 1981. On November 27 counsel for the defendant mailed a motion for additional time to the clerk of the court and with a copy to opposing counsel. The clerk received the motion at his home address. This case differs from In Re Estate of Stanback, 222 So.2d 660 (Miss. 1969). All the clerk was required to do with this motion was file it with the papers in the court file. Miss. Code Ann. § 11-1-5 (1972). The general rule is that a pleading or other paper may be said to have been duly filed when it is delivered to the proper filing officer. See: Henson v. Henson, 261 Ala. 63, 73 So.2d 100, p. 102 (1954); Roby v. Leonard, 209 So.2d 182, p. 184 (La. App. 1968); 71 C.J.S. Pleading, § 408.
*1205 Certainly the clerk knew his responsibility as to the motion. If he had any objection to receiving it at his home, he should have promptly notified defendant's counsel. See: 14 C.J.S. Clerks of Court, § 45. When the motion for a decree pro confesso was presented to the chancellor on December 9, the clerk had received the motion from the defendant.
Thereafter, when the circumstances surrounding entry of the decrees were developed before the chancellor on February 22, 1982, and it became apparent that the clerk had in fact received the defense motion prior to the date of the entry of the decree pro confesso, the chancellor should have held that the defendant was not in default when the decree pro confesso was entered and promptly set it and the final decree aside. The decree pro confesso resulted from a failure on the part of the clerk to file the motion in the court file.[1]
I dissent from the following language of the majority:
However, decrees pro confesso and final decrees have been upheld by this Court in cases where parties have been guilty of extreme dilatoriness or inexcusable neglect. (Citations omitted [emphasis added])
Of course, such decrees have been upheld when defendants have been guilty of this degree of neglect. They have also been upheld when the defendant has only been guilty of simple inattention. And, in the absence of fraud or some defect in the judgment, as a pre-requisite to setting aside a judgment, the movant is required to prove its entry did not result from negligence on his part. Indeed, a court is powerless to set aside a final judgment following the term. Trailer Express, Inc. v. Gammill, 403 So.2d 1292 (Miss. 1981); Martin v. Armstrong, 350 So.2d 1353 (Miss. 1977); Overstreet v. Liberty Mutual Ins. Co., 263 So.2d 528 (Miss. 1972); City of Starkville v. Thompson, 260 So.2d 191 (Miss. 1972); Kemp v. Atlas Fertilizer & Chemical Co., 199 So.2d 52, p. 56 (Miss. 1967); George v. Standard Oil Co. of Ky., 239 Miss. 712, 124 So.2d 858 (1960); Hayes Produce Co. v. Taylor, 213 Miss. 217, 56 So.2d 503 (1952); Strain v. Gayden, 197 Miss. 353, 20 So.2d 697 (1945); Corinth State Bank v. Nixon, 144 Miss. 674, 110 So. 430 (1926); and Carter v. Kimbrough, 122 Miss. 543, 84 So. 251 (1920).
An entirely different rule prevails when a motion is made to set aside a judgment during the term in which it is rendered, and the trial court in that situation should be much more lenient, provided the defendant shows he has a meritorious defense. This obviously is not the situation here. It appears the majority has confused the two standards which should be applied in setting aside judgments. Thus, it sets forth a three-step standard for setting aside a judgment which may be appropriate if the motion to set it aside is made during the term. Badger Mutual Insurance Co. v. Trustees of the North Mississippi Hospital, 241 Miss. 15, 128 So.2d 584 (1961); Campbell v. Campbell, 231 Miss. 658, 97 So.2d 527, p. 528 (1957); Manning v. Lovett, 228 Miss. 191, 87 So.2d 494, p. 496 (1956); and Planters Lumber Co. v. Sibley, 130 Miss. 26, 93 So. 440 (1922). See, however: James v. Hall, 197 So.2d 226 (Miss. 1967).
The trial judge following the term may want to weigh these three factors in considering whether a judgment duly entered should be set aside. He is under no obligation *1206 to do so, however; at least, he was not until the majority spoke.
The majority is going to make it a relatively simple matter to set aside a final judgment; indeed make it erroneous for the trial judge not to do so, in which personal service of process has been duly had upon a defendant, there has been no fraud, and the court was fully empowered by law to enter final judgment.
I do not know what the majority means by "bona fide excuse" on the part of the defendant. It could mean anything this Court chooses it to mean.
Where a judgment has been obtained in any court upon valid process, and neither the plaintiff nor his counsel has done anything to mislead the court or opposing counsel, it should not be set aside following term time. Judgments should have finality.
They did until the majority spoke in this case.
As the majority notes, this is a pre-Rules case. It was not the intent of the Rule, either, to alter the basis for obtaining relief from a judgment from which no appeal was taken. See Rule 60(b) of Mississippi Rules of Civil Procedure and commentary thereunder. I would have viewed an effort to set aside a valid judgment from which no appeal was taken as an extremely difficult undertaking, even with the Rules. At least, in my respectful view, it should be.
The majority has changed this, and unnecessarily so to reach the right result in this case.
NOTES
[1] "It matters not whether relief is sought by way of an original bill in the nature of a bill of review, by a true bill of review, by motion, by petition or by other pleading. One of the procedural maxims of equity is that it looks to the intent, and will regard substance rather than form." Kemp v. Atlas Fertilizer & Chemical Co., 199 So.2d 52, 57 (Miss. 1967).
[2] This list is by no means exhaustive. In the exercise of the trial judge's discretion other factors may be considered where applicable to the situation.
[1] Counsel for International Paper Company had a professional responsibility, also, in addition to simply filing a motion for additional time to plead. As an officer of the court he should not only have contacted Basila's attorney that he was filing the motion, but also seen whether opposing counsel agreed to additional time to plead. If he had not secured an agreement, he should have seen that the motion was promptly brought to the attention of the chancellor and ruled upon. If opposing counsel had agreed to extra time to plead, a consent order granting the time should have been presented to the chancellor for approval.

That defendant's counsel by his lackadaisical handling of the motion may have subjected himself to a reprimand from the chancellor (trial judges have had too much of this sort of behavior from attorneys) does not change the law on default, however.