The Bank appeals these two consolidated cases in an attempt to renew their judgment against John S. Roberts in order that they might execute upon it.
January 12, 1971, the Bank received a judgment for $112,549.57 against Roberts in the Lincoln County Circuit Court.
January 7, 1978, five days before the 7-year statute of limitations to enforce the judgment was to run, the Bank filed a declaration to renew their judgment. Summons was issued for Roberts, which was personally served and returned to the court onApril 13, 1978. Unaware that they had process, the Bank issued alias process and made some four further attempts to have Roberts summoned. These attempts all resulted in a return of "Not Found".
Unaware that summons had been served upon Roberts, the Bank's attorney wrote to the Lincoln County Circuit Clerk and requested that his case be continued until process could be had. OnSeptember 28, 1979, the last day of the September term of Lincoln County Circuit Court, the suit to renew the judgment was dismissed as a stale case.
December 7, 1979, the Bank moved to reinstate the case to the docket and at the February, 1980, term the circuit court ordered the cause to be reinstated to the active docket. In the meantime, on August 7, 1978, the Bank had held an execution sale on the lien created by the original judgment. The sale was of an interest in a pipeline owned by Roberts. In March of 1981, the Chancery Court of Jefferson County presiding over the receivership involving the pipeline ruled that the Bank's Lincoln County judgment had not been renewed within the 7-year limitation period, and therefore the execution sale was void.
The Bank appealed the Jefferson County Chancery Court ruling to this Court, and we held that the Bank's suit to renew the judgment was pending and remanded the Jefferson County case with directions that if the judgment was indeed renewed the execution may be issued to enforce the judgment. Deposit Guaranty NationalBank v. Biglane, Receiver, Roberts, et al., 427 So.2d 945 (Miss. 1983). *Page 350 
May 20, 1983, Roberts answered the Lincoln County declaration to renew the judgment and raised as an affirmative defense the statute of limitations. Roberts also moved to set aside the reinstatement of the Bank's action to renew because of the Bank's failure to attach an affidavit to the motion setting forth good reasons for the reinstatement as is required by Uniform Circuit Court Rule 2.02.
Among other things, the Bank contended, in its response to the motion, that Mississippi Code Annotated § 11-53-25 (1972), authorizing the clerk to move to dismiss stale cases, had not been complied with. The Bank further contended that Mississippi Code Annotated § 15-1-69 (1972), as applied in Ryan v. Wardlaw,382 So.2d 1078 (Miss. 1980), saved this case from the 7-year statute of limitations.
The Circuit Court of Lincoln County held that it did not have personal jurisdiction over Roberts after the adjournment of the term of court during which the cause was dismissed as stale. The statute of limitations was tolled by the filing of the declaration to renew the judgment but when the action was dismissed the statute resumed running and the time expired five days after the conclusion of the September term.
The trial judge ruled that Ryan, supra, and the one-year saving statute, Mississippi Code Annotated § 15-1-69 (1972), did not apply to the dismissal of causes as being stale absent a showing of fraud, mistake or deceit. The trial judge then sustained Robert's motion to set aside the order of reinstatement and sustained his affirmative defense of the 7-year statute of limitations. The Bank's suit was then dismissed with costs to the Bank.
On November 30, 1983, the Bank appealed the above decision, and on that same day filed another action to renew judgment in the Lincoln County Circuit Court based upon Ryan, supra, and Mississippi Code Annotated § 15-1-69. Roberts again answered claiming Circuit Court Rule 2.02 and the affirmative defense of the statute of limitations. Roberts prevailed, and the Bank again appealed. Both cases were consolidated on August 29, 1984.
 I.
WAS IT ERROR TO SET ASIDE THE ORDER THAT REINSTATED THE SUIT TO RENEW JUDGMENT AFTER IT WAS DISMISSED AS A STALE CASE?
Mississippi Code Annotated § 11-53-25 (1972) provides as follows:
 The clerk of any court shall move the court to dismiss any cause pending therein in which no step has been taken for the two terms preceding; and the court shall, unless good cause be shown to the contrary, dismiss the same at the costs of the plaintiff or complainant.
The opinion of the circuit court judge states that no action had been taken in this case for five terms. The Bank does not assign as error the propriety of the dismissal. It does allege, for the first time in its reply brief, that "good cause . . . to the contrary" was shown as indicated by the letter attached to the response to the motion to set aside the reinstatement. This was the August 14, 1978, letter to the circuit clerk requesting that the case be continued until process could be obtained and a judgment entered.
A point raised for the first time in a reply brief does not have to be considered on appeal. Overstreet v. AllstateInsurance Co., 474 So.2d 572, 577 (Miss. 1985). In any event, by the Bank's own admission, no further action was taken after August 14, 1978, at least four terms of the Lincoln County Circuit Court.
Rule 2.02, effective August 10, 1979, of the Uniform Circuit Court Rules, provides as follows:
 Cases upon the civil issue docket, where process has not been served or where process has been served, and that have been called for trial for two terms of court, without any step taken, or trial demanded, shall be dismissed as stale, at plaintiff's cost without notice, unless good reason be shown for a further continuation; and no cause that has been so dismissed shall be reinstated without *Page 351 affidavit setting forth good reason for reinstatement. (emphasis added)
The Bank admittedly did not file an affidavit with the motion to reinstate; nevertheless, the motion was granted. InMississippi Rice Growers Association v. Pigott, 191 So.2d 399
(Miss. 1966), the trial court twice dismissed the case as stale and twice reinstated it. The appellant claimed that it was reinstated without notice and a hearing. We held "that a trial court can reinstate any case during that term of court, or change any order entered at that term of court, for any reason satisfactory to the court without notice to the adverse party."Id. at 405 (emphasis added).
In Howie v. Baker, 232 Miss. 661, 100 So.2d 1131 (1958), the case was dismissed with prejudice, on January 22, 1953. A motion to set aside the dismissal was sustained February 20, 1953. There is no mention that this was a different term of court; however, we held that "[t]he reinstatement at the same term of court of a dismissed cause must be left, in large measure, to the discretion of the court." 232 Miss. at 665, 100 So.2d at 115, (emphasis added).
The order of the trial court states that no affidavit setting forth good reason for reinstatement had been filed, and that no additional process was served upon Roberts before the orders of reinstatement were entered; however, the basis used by the trial judge for setting aside the reinstatement was that his court no longer had jurisdiction to do so after the term expired within which the case was dismissed. (In fact, no additional process is required. Mississippi Rice Growers Ass'n, supra.)
Generally, a default judgment cannot be set aside after the expiration of the term of court within which the default judgment was entered unless the motion to set aside or vacate was filed during that same term, or unless the judgment itself was defective, or fraud, mistake or accident was involved.Mississippi Action for Community Education v. Montgomery,404 So.2d 320 (Miss. 1981); Trailer Express, Inc. v. Gammill,403 So.2d 1292 (Miss. 1981); Martin v. Armstrong, 350 So.2d 1353
(Miss. 1977); Alexander v. Killebrew, 321 So.2d 488 (Miss. 1975); Evers v. Truly, 317 So.2d 414 (Miss. 1975); HydeConstruction Co. v. Highway Materials Co., 248 Miss. 564,159 So.2d 170 (1963); Strain v. Gayden, 197 Miss. 353, 20 So.2d 697
(1945).
As Mississippi Rice Growers Ass'n, supra, and Howie, supra,
indicate, the general rule regarding dismissals is the same as default judgments — the dismissed case cannot be reinstated after the expiration of the term of court within which the dismissal was entered unless the dismissal was defective, or fraud, mistake or accident was involved. See also Carter v. Kimbrough,122 Miss. 543, 84 So. 251 (1920); 27 C.J.S. Dismissal and Non-Suit
§ 79 (1959). The reinstatement order in February of 1980 was clearly made after the term within which the dismissal was entered — September, 1979. Analogizing the default judgment cases cited above, we find that the Bank has not made a sufficient showing of fraud, accident or mistake. Furthermore, while the correctness of the original dismissal is not properly before this Court, even if it were, we find that the dismissal of the case as stale was not defective. Baker v. Moore, 176 Miss. 431, 169 So. 733 (1936); Mississippi Central R. Co. v. Brookhaven Lumber andManufacturing Co., 165 Miss. 820, 147 So. 814 (1933).
We note Kemp v. Atlas Fertilizer and Chemical Co.199 So.2d 52 (Miss. 1967), wherein a "Decree Pro Confesso and Final Decree" was entered in chancery court. Five days after the two day term ended the appellee's motion to set aside that decree was granted. Faced with an appeal alleging that the chancellor did not have jurisdiction to set aside decrees after the end of the term, we held "that a Chancellor has the authority and jurisdiction to vacate and set aside decrees pro confesso and final decrees at any time, whether in term time or vacation, where such decrees have been procured by fraud, surprise, accident or mistake."Id. at 58.
In Kemp, we noted "that the facts constituting the fraud, accident, mistake or *Page 352 
surprise must have been the controlling factors in the effectuation of the original decree . . . [and they] must be clearly . . . alleged . . . and . . . proved; . . . the facts must not have been known to the injured party at the time of the original decree, and . . . the ignorance thereof at the time must not have been the result of the want of reasonable care and diligence. . . ." Id. at 55 (quoting Griffith Chancery Practice § 642 (2d Ed. 1950)).
This holding was followed in International Paper Co. v.Basila, 460 So.2d 1202 (Miss. 1984). In International Paper,
we also set forth factors a trial judge should follow in ruling on a motion to set aside or vacate a decree pro confesso and final decree. Assuming, without deciding, that Kemp andInternational Paper are, by analogy, applicable, we are still of the opinion that the circuit court was correct in its finding that when the September 1979 term of court ended it lost jurisdiction to reinstate the Bank's cause of action.
We draw particular attention to the Mississippi Rules of Civil Procedure, particularly 6(c), concerning the effect of terms upon the powers of the court, and Mississippi Code Annotated § 11-1-16
(Supp. 1985), also concerning terms of courts, and we point out that they are not relevant to this action since the former went into effect on January 1, 1982, and the latter on March 23, 1983. We stress the importance of this statute and these rules in the event like circumstances should arise in cases filed after their effective dates.
There is no merit to this assignment.
 II.
DID THE LOWER COURT ERR BY HOLDING THAT THE SEVEN YEAR STATUTE OF LIMITATIONS OF MISSISSIPPI CODE ANNOTATED 15-1-43 HAD EXPIRED AND BY DISMISSING DEPOSIT GUARANTY NATIONAL BANK'S SUITS TO RENEW THE JUDGMENT AGAINST ROBERTS?
Mississippi Code Annotated § 15-1-43 (1972) provides as follows:
 All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven years next after the rendition of such judgment or decree, and not after, and an execution shall not issue on any judgment or decree after seven years from the date of judgment or decree.
The lower court correctly perceived that when the Bank filed its suit to renew the judgment in January of 1978, five days before the statute of limitations would have run, that the running of the statute was properly tolled. The trial court was further correct in its holding that when the suit to renew was dismissed at the end of the September, 1979, term, that the 7-year statute commenced to run again. As the suit was not properly reinstated because of the loss of jurisdiction, the 7 years within which the judgment could be renewed ran out 5 days after the dismissal of the case as stale, and Deposit Guaranty National Bank was then barred from bringing any action to renew the judgment unless they were saved by Mississippi Code Annotated § 15-1-69 (1972).
There is no merit to this assignment.
 III.
DID THE COURT ERR IN FAILING TO APPLY THE "SAVING STATUTE" § 15-1-69 AS IT WAS APPLIED IN RYAN V. WARDLAW?
Mississippi Code Annotated § 15-1-69 (1972) provides as follows:
 If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time *Page 353 
within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiff's death, commence such new action, within the said one year.
In Ryan v. Wardlaw, 382 So.2d 1078 (Miss. 1980), the application of the "saving statute" to the general statutes of limitations was considered. In that case, an accident suit was brought in October, 1975, within the six-year limitation period. In October 1976, a document was entered in the court minutes which stated that the cause was being dismissed as a stale case. On November 4, 1976, a motion to reinstate was filed and sustained. The parties proceeded with the case; however, on July 6, 1977, the defendants challenged the jurisdiction of the court alleging that the court had no jurisdiction when it reinstated the cause since the term within which it was dismissed had ended. The court agreed and on July 25, 1977, it ordered the removal of the cause from the docket.
On August 17, 1977, the appellant refiled a separate but same suit. Admittedly it was filed a few days after the six-year statute had run. The case was dismissed on the affirmative defense of the statute of limitations.
On appeal, we first said that we did not have to decide whether § 15-1-69 applied to dismissal of causes as being stale. We found that the "saving statute" did apply to the order of dismissal for lack of jurisdiction entered on July 25, 1977. We based our opinion on Hawkins v. Scottish Union and National InsuranceCo., 110 Miss. 23, 69 So. 710 (1915), and Smith Enterprise Co.,Inc. v. Lucas, 204 Miss. 43, 36 So.2d 812 (1948).
It is true that it has been held that a cause dismissed for want of jurisdiction is a cause dismissed "for . . . matter of form" for purposes of the "saving statute". Such a cause can be refiled within a year of the dismissal and though the second filing may be beyond the original statute of limitations, the "saving statute" prevents it from being barred. Hawkins, supra;Smith Enterprise Co., Inc., supra.
However, the order dismissing the case in Ryan for lack of jurisdiction was no more than the reinstatement of the earlier dismissal as a stale case. The lack of jurisdiction dealt with the reinstatement of the case itself, not with the original cause of action. In contrast, the "saving statute" applies to "action[s]" and "original suits" dismissed "for any matter of form".
The actual order of dismissal itself in the case sub judice is not in the record, though it was alleged in the motion to set it aside that it was recorded in Minute Book 19 at Page 198. The "Bill of the Costs" from Lincoln County Circuit Court to the Bank was attached to the Bank's response to the motion to set aside. On it, it was stated that the cause was dismissed as a stale case. It does not say whether the case was dismissed with or without prejudice.
In Hawkins, supra, we gave the following as the true meaning of the statute: "Where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which he can remedy or avoid by a new process, the statute shall not prevent him from doing so, provided he follows it promptly, by suit within a year." 110 Miss. at 31, 69 So. at 713. (citations omitted).
In W.T. Raleigh Co. v. Barnes, 143 Miss. 597, 109 So. 8
(1926), a cause of action filed before the relevant statute of limitations ran was dismissed without prejudice but the appellant filed the same cause of action within one year of the dismissal but after the statute of limitations had run. The Court said the following:
 The motion on which the first suit was dismissed does not appear in the record, and there is nothing in the order of dismissal indicating that it was a mere abatement of the action, or that the dismissal was "for any matter of form," but in an agreement of counsel the dismissal is referred to as a nonsuit. The statute *Page 354 
invoked, therefore, can afford the appellant no relief.
143 Miss. at 600, 109 So. at 9.
We distinguished our "saving statute" from statutes that save dismissals which had been made upon grounds "otherwise than upon the merits" or upon grounds "not concluding his right of action".Id. We held that "a dismissal without prejudice is, of course, within both of these [types of] statutes, but under our statute the dismissal must be for a matter of form, and . . . it does not appear that the appellant's prior suit was dismissed for that reason."
The dismissal of a case as a stale case is not a dismissal for a "matter of form". This is especially true with this dismissal which was arguably with prejudice, see Ross v. Milner,194 Miss. 497, 506, 12 So.2d 917 (1943) (case dismissed as stale is with prejudice if order does not say without prejudice); thereby, barring any new suit on the same cause of action. See W.T.Raleigh Co., 143 Miss. at 600; 109 So. at 9; 27 C.J.S. § 77. We now hold that the "saving statute" does not apply to dismissal of cases as stale.
Assuming for the sake of argument that it did apply, a simpler reason why Ryan is not applicable to our facts is that the Bank did not refile their declaration to renew until November 30, 1983, which was 4 years after the original dismissal in September of 1979. The Bank argues that the orders of reinstatement should be treated as a commencement of a new action. A simple reading of Mississippi Code Annotated § 11-7-33 (1972), which sets forth the manner of commencing an action in the circuit court, disposes of this argument.
The Bank did file their new declaration within one year of the order, entered November 23, 1983, setting aside the reinstatements and finally dismissing the cause. We point out that in Ryan we indicated that the one year was calculated from this latter dismissal though this question did not have to bedecided since the new action was filed within a year of both dismissals. That is not the case here and the statute says that the "new action" must be commenced "within one year after the [dismissal] or other determination of the original suit". Since the trial court lost jurisdiction after the expiration of the term within which the dismissal of the case as stale was entered, any new action would have had to have been filed within one year of this dismissal in order to be saved by § 15-1-69.
There is also no merit to this assignment.
Finding no error on this record, we affirm the action of the Circuit Court of Lincoln County, in dismissing cause number 55,291 and dismissing cause number 55,718 with prejudice.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON and ANDERSON, JJ., concur.
DAN M. LEE, J., concurs in result only.